BROWN *v.* TENNESSEE AUTO. INS. CO.

(*Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

ROBERT H. POLK, of Nashville, for appellant.

EARL BEASLEY, of Franklin, and GOODPASTURE, CARPENTER & DALE, of Nashville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The complainant Brown seeks to recover on an automobile insurance policy issued to cover certain trucks owned by the complainant. The defendant demurred to the bill which was sustained by the trial court on the ground that the accident was not covered by the policy. One of the trucks covered by the policy was in a collision at or near Camp Campbell, Kentucky, at a point about one mile north of the Tennessee-Ken-

tucky line. Suit was brought against the complainant Brown and there was recovery for $5,750. The policy is standard in form and has an endorsement which reads in part as follows: "It is further agreed that as of the effective date hereof the insurance granted under this policy is null and void while the trucks insured hereunder are being used in excess of a radius of fifty (50) miles from the place of principal garaging."

This place of principal garaging was at Franklin, Tennessee, so the principal ground of demurrer is that the collision, having taken place more than fifty miles from Franklin, under said endorsement there is no coverage. We think from a reading of the whole bill, it appears that the collision took place more than fifty miles from Franklin and, too, the Court will take judicial notice of the distances between towns or public places; and that it is far more than fifty miles from Franklin to one mile north of the Tennessee-Kentucky line near Camp Campbell, where the collision took place. It is more than fifty miles by direct line from Franklin to Clarksville, Tennessee and Camp Campbell, Kentucky is located some miles north of Clarksville. *Coover* v. *Davenport*, 48 Tenn. 368, 369, 383; *Young* v. *Harris-Cortner Co.*, 152 Tenn. 15, 24, 268 S. W. 125, 54 A. L. R. 516; 31 C. J. S., Evidence, Sec. 12; Wigmore on Evidence, 3rd Ed. Sec. 2575.

We have not been able to find any case in Tennessee passing upon the particular kind of provisions embodied in the rider or endorsement in this policy in the present cause. However, it appears that elsewhere such restrictions are sustained.

In the case of *Person* v. *Tyson*, 215 N. C. 127, 1 S. E. (2d) 367, 368, the Supreme Court of North Carolina sustained the following provisions of an insurance policy in

a damage suit arising out of a collision occurring a short distance outside the corporate limits of the City of Rocky Mount: "Statement VIII.—The above described automobiles and motor vehicles are and will be used only for taxi operation within the City of Rocky Mount, N. C., (purposes), and will be operated as follows: . . . and this insurance covers no other use or operation".

It is well settled that riders or endorsements qualifying or restricting the liability of the insurer attached to the face of the policy contemporaneously with its issuance to the insured, constitute a part of the policy, where such riders or endorsements themselves provide that they are a part of the policy. Couch on Insurance, Vol. 1, Section 159, 12 Amer. Juris., p. 780, Section 245, Annotation, 128 A. L. R. 1034.

The rider or endorsement insofar as it qualifies, modifies or restricts the terms of the policy is controlling. *Camden Fire Ins. Ass'n.* v. *New Buena Vista Hotel Co.,* 199 Miss. 585, 24 So. (2d) 848, 26 So. (2d) 174; *Marshall's U. S. Auto Supply* v. *Maryland Cas. Co.,* 354 Mo. 455, 189 S. W. (2d) 529.

The policy in question is of standard form and there is no ambiguity whatever in the endorsement or rider. Where there is no ambiguity, it is the duty of the Court to apply to the words used their ordinary meaning and neither party is to be favored in their construction. The well recognized rule of construing language of an insurance policy most strongly against the insurance company does not permit or cause the Court to create an ambiguity where none exists. *Wallace* v. *State Farm Mutual Auto Ins. Co.,* 187 Tenn. 692, 701, 216 S. W. (2d) 697.

 It seems clear to us that this insurance was limited to collisions occurring within a fifty mile radius of Franklin and the collision in question, having occurred beyond the contractual limit, is not covered under the policy.

It results that we find no error in the decree of the Chancellor and it is affirmed.

All concur.