IGNATZ SLOMOVIC

*v.*

TENNESSEE HOSPITAL SERVICE ASSOCIATION.

(*Nashville*, December Term, 1957.)

Opinion filed April 9, 1958.

DENNEY & LEFTWICH, Nashville, for appellee (complainant).

WALLER, DAVIS & LANSDEN, Nashville, for appellant (defendant).

Mr. Chief Justice Neil delivered the opinion of the Court.

The complainant filed his original bill in the Chancery Court against the defendant seeking to recover certain hospital and medical expenses alleged to be due under a policy of insurance that was issued to Cumberland Battery Manufacturing Company.

The bill charges that this policy "affords certain benefits to the complainant for hospital expenses and/or medical expenses incurred by the complainant while said policy is in force"; that "said policy is now; and has been for sometime, in full force and effect, and during such period of time the complainant has incurred large bills for hospital expense and for medical expense" to the extent of $500.

It is further charged that said expenses were incurred as a result of an accident which arose out of his employment and for which the complainant's employer carried Workmen's Compensation Insurance; that the insurance carrier has already paid on behalf of complainant the sum of $1,500 and that this is the limit of its liability under the Workmen's Compensation Law, T.C.A. sec. 50-901 et seq. It is charged that hospitalization and medical expenses, for which he now seeks a recovery, "was incurred after the Workmen's Compensation carrier had already paid its limit of $1,500."

382

The defendant's policy contains the following exception, and which is set forth in the original bill:

"Likewise, there shall not be included hospital benefits for injuries or diseases for which the subscriber and/or dependent is entitled to any hosiptal care or for which he receives any award or settlement in any proceedings under Workmen's Compensation laws, occupational disease laws or employers' liability laws, or for which any hospital service is obtained through any agency of the Federal government and/or under the laws of the United States of America or any State or political subdivision thereof."

Contention is made in the bill that the policy covers hosiptal and medical expenses over and above the limit fixed by law.

The defendant demurred, as follows:

"The defendant demurs to the bill filed against it in this cause on the following grounds: The bill shows on its face that benefits for the injuries alleged to have been suffered by the complainant are excluded by the terms of and not available under the contract on which the complainant sues for the reason that the complainant was entitled to and did receive an award or settlement under the Workmen's Compensation laws for such alleged injuries."

The Chancellor overruled this demurrer and granted a discretionary appeal to this Court. His action in overruling the demurrer is made the basis of the only assignment of error.

The contention of complainant's counsel is that the exclusion clause in the policy is ambiguous and that the policy should be liberally construed in favor of the complainant and strictly against the defendant. It is upon this theory of the case that the defendant is claimed to be liable for any hospital and medical expense in excess of the $1,500, which is the maximum amount fixed by the Workmen's Compensation Law for such expense.

On a former day of the Court we sustained the assignment of error and dismissed the complainant's bill on the ground that the insurance policy sued on was not ambiguous.

We granted complainant's petition to rehear because of misleading averments in the bill and briefs of counsel in that we erroneously decided the issue upon the theory that the defendant was the insurance carrier of Workmen's Compensation by the complainant's employer. It was our well considered opinion that the insurance carrier having paid the full amount required by law to cover hospital and medical expenses there was no further liability. Upon a further examination of the record it appears that the complainant's employer, Cumberland Battery Manufacturing Company, carried Workmen's Compensation insurance, and also a group policy with the defendant, covering sick benefits and expense of hospitalization, etc.

The complainant's bill charges by general and specific averments that the two policies were carried for complainant's benefit and quotes the exact language of the defendant's policy which on its face purports to exempt it from liability in the present action. The exemption clause is noted above and the issue before us is whether

or not it is ambiguous. In other words, to be specific, is the defendant liable to complainant for $500 as medical and hospital benefits which he incurred after the Workmen's Compensation carrier has fulfilled its legal obligation by paying the sum of $1,500 on account of complainant's injury.

This question, which is clearly raised in the assignment of error, is of first importance in this State.

■■ The demurrer admits as true the averments of facts set forth in the bill, but does not admit as true any conclusions of law. In this connection it should be stated that it is often difficult to decide when an averment is a statement of fact or a conclusion by the pleader.

In addition to the charges in the bill, to which we have referred, there appears the following averment, immediately following the quoted exemption clause:

"Complainant would show to the Court that said exception contained in said policy applies only to such hospital and medical expenses as are payable under the Workmen's Compensation Law, and that the defendant's policy issued to complainant's employer, and to him, provides excess coverage for such hospitalization and medical expense as are incurred in excess of that provided under the Workmen's Compensation Law."

The defendant's policy, or insurance certificate, is not made an exhibit to the bill.

Considering and assuming the exemption clause to be correct as set forth in the bill, and the averment "that the defendant's policy provides excess coverage", that

is, in excess of that provided under the Workmen's Compensation Law, to be true as a matter of fact, and not an opinion of the pleader, we feel that the policy is ambiguous.

It seems clear to the Court that the defendant is exempt from liability up to the maximum of $1,500 under the Workmen's Compensation Law of this State. We can conceive of no reason why the complainant's employer should carry a policy with the defendant covering expense of hospitalization and medical care unless it be to take care of additional expenses over and above that which he is required to carry by the Workmen's Compensation Statute, i. e. $1,500. If the policy sued on is not carried for that purpose, or some other purpose inconsistent with the requirements of the statute, it should so state without equivocation.

For the foregoing reason we hold that the policy is ambiguous.

The Chancellor's decree is affirmed, and the cause remanded for further proceedings consistent with this opinion.