STATE FARM MUTUAL AUTOMOBILE INS. Co., Plaintiff in Error,

*v.*

WILLIAM K. RICE, Defendant in Error.

(*Knoxville*, September Term, 1958.)

Opinion filed June 5, 1959.

SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, for plaintiff in error.

MASSEY, STONE & KIRKLAND, Chattanooga, for defendant in error.

Mr. Justice Swepston delivered the opinion of the Court.

The sole determinative question is the proper interpretation of an exclusionary clause in a public liability automobile insurance policy.

The case was tried on a stipulation of facts and a judgment rendered below in favor of William K. Rice against State Farm Mutual Insurance Company. The parties will be hereinafter referred to as in the trial court as plaintiff and defendant respectively.

The two assignments of error are:

(1) The trial court erred in the construction it gave to T.C.A. secs. 50-914 and 50-1004 of the Workmen's Compensation Law; and

(2) The trial court erred in the construction it gave to "Coverage C-Medical Payments" and "Exclusions: (g)" of the insurance contract.

The substance of the stipulation of facts is as follows:

The defendant, William K. Rice, on December 12, 1956, while walking along the street in Chattanooga was struck by an automobile being driven by one Skipper and as a result sustained personal injuries. The Skipper automobile was covered by a public liability and property damage policy issued by the defendant, State Farm Mutual Automobile Insurance Company.

At the time of the accident plaintiff was employed by Manufacturers Outlet as a regular employee and said parties were operating under the Workmen's Compensation Act of Tennessee. The employer was insured by Standard Accident Insurance Company. Plaintiff was entitled to recover Workmen's Compensation benefits from his employer.

Said employer's insurer did pay to plaintiff weekly benefits totalling $750 and was obligated to pay hospital and medical benefits, although it did not pay any. (The stipulation does not state why the medical benefits were not paid).

Plaintiff sued the tort feasor, Skipper, and obtained a final judgment for $4,500, which was paid into the registry of the court by the defendant, State Farm Mutual Insurance Company. Upon the entry of this judgment the compensation insurer, Standard Insurance Company, filed its notice of lien under subrogation claim as provided by T.C.A. sec. 50-914 to recover its $750 compensation benefits that had been paid to plaintiff. Out of

this $750 the attorneys for the plaintiff in the damage suit were allowed a fee of $250 as provided by T.C.A. sec. 50-1019 as amended by Ch. 121, Public Acts of 1957, for services in obtaining this subrogation recovery.

The public liability policy, supra, issued by defendant herein on the Skipper automobile, in addition to the public liability provision, contained an additional provision up to the amount of $500 coverage, which reads as follows:

"Coverage C—Medical Payments: To pay reasonable expenses incurred within one year from date of accident for necessary medical, surgical, dental, ambulance, hospital, professional nursing and funeral services and prosthetic devices, to or for each person who sustains bodily injury caused by accident, while in, on or upon, entering into or alighting from, or through being struck by the automobile provided the automobile is being used by the named assured or his spouse if a resident of the same household, or with the permission of either."

Said policy under the head of "Exclusions" states that the policy does not apply under "(g) coverage C, to bodily injury to any person:

"(1) if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;".

Plaintiff incurred medical and hospital expenses in excess of $500.

The trial judge in a short memorandum in disposing of the case, in part, made the following statement:

"Apparently the plaintiff is not benefitted in any way by the full compensation law as he was prohibited from collecting the full amount of his judgment by the workmen's compensation company who had not actually paid him anything or are they required to pay him. Therefore, the defendant could not excuse itself from paying the $500 medical benefit for that reason."

We are unable to agree with the trial court's reasoning in this matter. Under T.C.A. sec. 50-1004 the employer was bound to furnish and the employee was bound to accept medical and hospital services. The record is not clear whether the employer and his insurer declined to furnish same or whether the employee declined to accept same. It is immaterial, because the plaintiff Rice is a third party beneficiary under the insurance contract between Skipper and the defendant insurance company in the present case and Rice is bound by all of the conditions of the contract. If his employer-insurer failed to provide these services, then he should have brought an action to enforce the same and if he simply declined to accept them, that was likewise up to him; but in no event can the plain language of this exclusion be changed by the failure of Rice to avail himself of the provisions of the compensation act.

There is no ambiguity about the exclusionary clause. It is so held in *Employers Liability Assur. Corp. v. Owens,* Fla.1955, 78 So.2d 104; 50 A.L.R.2d 107.

The language in that case is exactly the same as in this. In the other two cases cited on page 107 in the Annotation in A.L.R.2d, the language is not identical but the disposition made in each case is enlightening somewhat in the present situation.

Our Compensation Law plainly requires that these services be provided, which falls strictly within the language of this exclusionary clause.

It is no answer to say, as did the trial judge, that the employer-insurer did not pay the medical and hospital expenses; nor to say that the plaintiff was not benefitted by the Compensation Law.

Of course, in the absence of this exclusionary clause the plaintiff could have maintained this suit directly against the tort feasor's insurer just as he did the damage suit against the tort feasor, under T.C.A. sec. 50-914.

Counsel for Rice cites *Kopp v. Home Mutual Insurance Co.*, 6 Wis.2d 53, 94 N.W.2d 224. That case is not applicable, among other reasons, because no exclusion clause was involved.

Also cited is *Bonney v. Citizens Mutual Automobile Insurance Company*, 333 Mich. 435, 53 N.W.2d 321, 323. That case is rather in support of the defendant insurance company in this case. The exclusion clause there was, "any person to or for whom benefits are payable under any workmen's compensation law".

The trial court had held that the insurance company could not defend on that clause, because it did not have jurisdiction to determine whether the claimant was covered by workmen's compensation—the jurisdiction being ordinarily in the state commission. On appeal the appellate court remanded the case for determination of that very question by the trial court and said this:

"Any one who is eligible for benefits under any workmen's compensation law is intended to be exclud-

ed from participation in benefits under medical payment coverage. No where does this contract require the beneficiary, in order to be excluded, to actually receive payments but merely that benefits must be payable."

The court further said:

"Plaintiff contends that this clause has to mean benefits are payable under the Michigan Compensation Law when an award to that effect has been made and becomes final and enforceable under the provisions thereof.

"An ambiguous contract must be construed against the party who prepared it. (Citing cases) However, we find no ambiguity in the language of the exclusion clause. Under plaintiff's theory we would be required, on the other hand, to read into the insurance contract additional words so that the exclusion clause would say benefits payable under an award of the compensation commission. We can neither make a new agreement for the parties nor, by addition, give it a meaning contrary to its express and unambiguous terms."

Finally, counsel for plaintiff rests his case upon *Pitts v. Glens Falls Indemnity Co.*, 222 S.C. 133, 72 S.E.2d 174. The plaintiff was entitled to and was offered $200 for funeral expenses under the Workmen's Compensation Law. In addition, the plaintiff's intestate had an automobile policy which provided for as much as $500 medical expense, which paragraph included funeral expenses; but the exclusion clause did not expressly mention funeral expenses. A recovery was allowed the plaintiff for funeral expense.

The court based its decision upon the usual rule of construing an ambiguity against the company writing the policy. We think that case is of no benefit in the present case whatever.

We are, therefore, constrained to reverse the judgment below and dismiss the plaintiff's suit.