# IGNATZ SLOMOVIC v. TENNESSEE HOSPITAL SERVICE ASSOCIATION. —333 S. W. (2d) 564.

Middle Section, Nashville.   October 30, 1959.

Certiorari Denied by Supreme Court April 6, 1960.

Denney, Leftwich & Osborn, Nashville, for complainant.

Waller, Davis & Lansden, Nashville, for defendant.

FELTS, J.  Complainant, Ignatz Slomovic, suffered an injury in the course of his employment for which he incurred hospital and medical expenses in the sum of $1,890.94.  His employer, or its Workmen's Compensation insurer, paid $1,500 of such expenses, the maximum amount of its liability under the Workmen's Compensation Law (T. C. A. sec. 50-1004).

To recover the balance of such expenses, $390.94, complainant brought this suit on a policy issued by defendant promising to pay him certain hospital benefits, but containing this exclusion:

"Likewise, there shall not be included hospital benefits for injuries or diseases for which the subscriber and/or dependent is entitled to any hospital care or for which he receives any award or settlement in any proceeding under Workmen's Compensation laws * * *"

Complainant's bill alleged the above facts, quoted this clause, but did not exhibit the policy.  After quoting this clause, the bill averred that this exception "applies only to such hospital and medical expenses as are payable under the Workmen's Compensation Law"; and that the "defendant's policy issued to complainant's employer, and to him, provides excess coverage for such hospitali-

zation and medical expenses as are incurred in excess of that provided under the Workmen's Compensation Law."

Defendant demurred to the bill upon the ground that it showed on its face that the benefits sued for were excluded because they were for injuries for which complainant was entitled to and did receive an award or settlement under the Workmen's Compensation Law.

The Chancellor overruled the demurrer and permitted a discretionary appeal by defendant. The Supreme Court, in an opinion by Chief Justice Neil, reported in 313 S. W. (2d) 265, affirmed the Chancellor's ruling, held that the above averment, admitted to be true by the demurrer, stated a good cause of action, and remanded the cause for answer.

Defendant then filed an answer denying the above quoted averment of the bill and denying certain other allegations of the bill; and the cause was heard before the Chancellor upon the pleadings, stipulation of fact, and the oral testimony of a witness for defendant. The Chancellor held that this exclusion clause was ambiguous, and awarded a recovery for complainant in the sum of $390.94.

Defendant appealed and insists that the Chancellor erred in holding that this exclusion clause was ambiguous, or could be interpreted as not excluding benefits for the injuries sued for; and that the Chancellor should have held that the policy excluded from its coverage all benefits for injuries for which the insured was entitled to, or received, any award or settlement under Workmen's Compensation Law.

There is some argument as to the effect of the Supreme Court's ruling on the former appeal, affirming the Chancellor's decree overruling the demurrer. As stated, the policy was not exhibited by the bill, not before the Court; and the demurrer admitted the above quoted averment of the bill that the policy provided excess coverage above that provided by the Workmen's Compensation Law.

■ The effect of the Court's ruling was that the bill, admitted to be true by the demurrer, stated a good cause of action and required an answer. An order overruling a demurrer does not prevent the court from reaching a contrary conclusion after a plea or answer is interposed and proof heard tending to show the allegations of the bill or declaration are not sustained. Nashville Trust Co. v. City of Nashville, 182 Tenn. 545, 548, 188 S. W. (2d) 342.

To support its claim that the policy should be construed as providing excess coverage and benefits above those provided by the Workmen's Compensation Law, complainant refers to the Supreme Court's opinion on the former appeal and quotes this statement therefrom:

"We can conceive of no reason why the complainant's employer should carry a policy with the defendant covering expense of hospitalization and medical care unless it be to take care of additional expenses over and above that which he is required to carry by the Workmen's Compensation Statute, i. e. $1,500. If the policy sued on is not carried for that purpose, or some other purpose inconsistent with the requirements of the statute, it should so state without equivocation." Slomovic v. Tennessee

Hosp. Service Assn., 203 Tenn. 380, 385, 313 S. W. (2d) 267, 268.

This statement appears to have been based upon the above quoted allegation of the bill to the effect that the "policy issued to complainant's employer, and to him, provides excess coverage * * *" This averment of the bill was denied in the answer, and shown by the proof to be untrue. The proof showed that the policy was carried and paid for by complainant, not by his employer, and that it contained no such provision as that averred in the bill. So, the case depends alone upon the exclusion clause above quoted.

█ It is true that where the language of an insurance policy is ambiguous, it is to be construed most strongly in favor of the insured. But where there is no ambiguity, the words used will be given their ordinary meaning, and neither party is to be favored in their construction. Wallace v. State Farm Mut. Auto. Ins. Co., 187 Tenn. 692, 701, 216 S. W. (2d) 697, 701; Brown v. Tenn. Auto. Ins. Co., 192 Tenn. 60, 63, 237 S. W. (2d) 553, 554.

█ We think this exclusion clause is not ambiguous. It clearly excludes from the policy's coverage hospital benefits for *injuries* or *diseases* for which the insured is entitled to "*any* hospital care or for which he receives *any* award or settlement in any proceeding under Workmen's Compensation laws." That is, it excludes benefits for *injuries* covered by the Workmen's Compensation Law, even though the benefits claimed are in excess of those provided by that law.

It is common for hospital and public liability policies to exclude benefits or liability for injuries covered by the Workmen's Compensation Law; and in a number of

cases, language, more or less similar to that in this exclusion clause, has been held to exclude liability or benefits for injuries covered by the Workmen's Compensation Law. State Farm Mutual Auto. Ins. Co. v. Rice, 205 Tenn. 344, 326 S. W. (2d) 490, 491; Vaughn v. Standard Sur. & Cas. Co., 27 Tenn. App. 671, 184 S. W. (2d) 556; Bonney v. Citizens Mut. Auto. Ins. Co., 333 Mich. 425, 53 N. W. (2d) 321; Roop v. Farmers Auto. Management Corp., 15 Ill. App. (2d) 125, 145 N. E. (2d) 384; Kosick v. Hospital Service Corp., 12 Ill. App. (2d) 291, 139 N. E. (2d) 619.

For these reasons, the decree of the Chancery Court is reversed and a decree will be entered here adjudging defendant not liable to complainant. The costs of the appeal are adjudged against complainant and the sureties on his cost bond.

Hickerson and Shriver, JJ., concur.