532

# HERMITAGE HEALTH AND LIFE INSURANCE COMPANY, Plaintiff in Error, v. RALEIGH E. CANTER and Vergie Canter, Defendants in Error. —420 S.W.(2d) 654.

Eastern Section. May 9, 1967.

Certiorari Denied by Supreme Court October 16, 1967.

James M. Davis, Morristown, for plaintiff in error.

Taylor, Inman, Tilson & Line, Morristown, for defendants in error.

McAMIS, P. J. Raleigh E. Canter and wife Virgie M. Canter brought these consolidated actions to recover on a policy of hospital insurance in the defendant Hermitage Health & Life Insurance Company. The cases were heard without a jury and resulted in judgments for the plaintiffs from which the insurer has appealed, insisting the Court erred in not dismissing the suits on the ground the Doctors Hospital & Clinic of Morristown where plaintiffs were patients is not within the policy definition of a hospital.

The policy defines "Hospital" as follows:

" 'Hospital' as used herein means an establishment which meets all of the following requirements: (1) holds a license as a hospital (if licensing is required in the state); (2) operates primarily for the reception, care and treatment of sick, ailing, or injured persons as in-patients; (3) *provides 24-hour a day nursing service by graduate registered nurses;* (4) has a staff of one or more licensed physicians available at all times; (5) provides organized facilities for diagnosis and major surgical

facilities; and, (6) is not primarily a clinic, nursing, rest or convalescent home or similar establishment nor is not, other than incidentally, a place for alcoholics or drug addicts."

We have emphasized that portion of the policy definition which the insurer contends Doctors Hospital and Clinic fails to meet. Unquestionably the Hospital meets every other requirement of the policy. It employs in all 52 people. It has 29 beds, operates 24 hours a day, has two qualified physicians and all of the required facilities. It is not a rest, nursing or convalescent home.

In addition to having registered nurses as hereinafter shown, nursing duties at the hospital are performed by twelve licensed practical nurses and more than 20 nurses aids.

As to graduate registered nurses, the office manager of the Hospital testified that, at the time of the trial, there were 4 and another was to come the following week. These nurses work on 3 shifts of 8 hours each. On cross examination the witness said 4 nurses were then employed on the first and second shifts and the Hospital at that time was attempting to locate a registered nurse for the third shift. There is no proof as to how many registered nurses were employed at the Hospital while insureds were patients there. It does appear that it is the policy of the Hospital to have registered nurses on duty 24 hours a day and it so operates "when they are available."

Reasonable restrictions as to the kind or class of hospital in which treatment is authorized are generally held valid. They are to be construed in a manner to effectuate the evident purpose of insuring proper treatment and

care and by so doing eliminate prolonged hospitalization at the expense of the insurer, and where a certain type of hospital is excluded the exclusion must be given effect. 29 A Am.Jur. 639, Insurance, Section 1532; And see Anno. 81 A.L.R.2d 931.

■ The Courts, in construing policies of hospital insurance, generally have applied the rule of liberal construction in favor of the insured, applicable generally to insurance contracts Ib. 929, citing along with cases from other states, Slomovic v. Tennessee Hospital Service Association, 203 Tenn. 380, 313 S.W.2d 265, where the Court, without expressly so holding, assumed the rule of liberal construction applied. We can think of no reason the rule is not as applicable to policies of hospital insurance as to other insurance contracts and, accordingly, hold that the policy here in suit is to be liberally construed in favor of the insured.

While we do not have a Tennessee decision controlling the question, we think there is a clear analogy between the requirement here invoked and the requirement of some policies of disability insurance that the insured in order to recover must be confined to the house. Such policies have been consistently held to require no more than a substantial compliance with this requirement. Brandt v. Mutual Benefit Health & Accident Ass'n, 30 Tenn.App. 14, 202 S.W.2d 827; Mutual Benefit Health & Acc. Ass'n v. King, 55 Tenn.App. 72, 396 S.W.2d 94, 95 and cases cited in these opinions.

■ We think the same rule of substantial rather than a literal compliance applies in this case and, under the facts above detailed, we hold that Doctors Hospital & Clinic where insureds received treatment substantially complies

with the requirement that a graduate registered nurse be on duty 24 hours a day.

Affirmed.