233 So.2d 480

James F. PHILLIPS

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, A Mutual Life Insurance Company.

1 Div. 564.

Supreme Court of Alabama.

April 2, 1970.

Collins, Galloway & Murphy, James H. Lackey, Mobile, for appellant.

Thornton & McGowin, Mobile, for appellee.

HARWOOD, Justice.

The appellant sought recovery under a family hospital insurance policy. Demurrers to the complaint as amended being overruled, the defendant filed a plea and answer setting up an exclusion provision in the policy which appellee-insurer averred would prevent recovery on the policy.

The cause was submitted to the court sitting without a jury on a stipulation of facts. Thereafter, the court rendered a judgment for the defendant and this appeal followed.

The stipulated facts are to the effect that the policy in question was in effect at the time the plaintiff was injured in the due course of his employment. Plaintiff's employer, Linley Construction Company, employed more than ten employees and was duly qualified under the Elective Compensation provisions of the Alabama Workmen's Compensation Act for all its employees. The plaintiff has received medical, surgical, and hospital benefits in the amount of $2,400, being the maximum amounts allowable for such services under the Alabama Workmen's Compensation Act.

Plaintiff has incurred medical expenses of $2,244 over and above the amount of $2,400 received from his employer's workmen's compensation carrier.

It was further stipulated that had the plaintiff not been under the Workmen's Compensation Act, he would have been entitled to hospital and medical payments of $2,360 under the policy in question.

The pleadings and evidence show that the policy herein sued on contained the following provision:

"Exceptions

"This policy does not provide benefits with respect to:

"1. Sickness or injury covered by any workmen's compensation act or occupational disease law; * ₁ * * "

In considering an exclusion clause of identical import in Slomovic v. Tennessee Hospital Service Assn., 46 Tenn.App. 705,

333 S.W.2d 564, the Court of Appeals of Tennessee, Middle Section, wrote:

"We think this exclusion clause is not ambiguous. It clearly excludes from the policy's coverage hospital benefits for *injuries* or *diseases* for which the insured is entitled to 'any hospital care or for which he receives *any* award or settlement in any proceeding under Workmen's Compensation laws.' That is, it excludes benefits for *injuries* covered by the Workmen's Compensation Law, even though the benefits claimed are in excess of those provided by that law.

"It is common for hospital and public liability policies to exclude benefits or liability for injuries covered by the Workmen's Compensation Law; and in a number of cases, language, more or less similar to that in this exclusion clause, has been held to exclude liability or benefits for injuries covered by the Workmen's Compensation Law. State Farm Mutual Auto. Ins. Co. v. Rice, 205 Tenn. 344, 326 S.W.2d 490, 491; Vaughn v. Standard Sur. & Cas. Co., 27 Tenn.App. 671, 184 S.W.2d 556; Bonney v. Citizens' Mut. Auto. Ins. Co., 333 Mich. 425, 53 N.W.2d 321; Roop v. Farmers Auto. Management Corp., 15 Ill.App.2d 125, 145 N.E.2d 384; Kosick v. Hospital Service Corp., 12 Ill.App.2d 291, 139 N.E.2d 619."

To the same effect see Wenthe v. Hospital Service Ins., 251 Iowa 765, 100 N.W. 2d 903, where it is stated:

" * * * it is *the type of disease or injury* that calls into play the exclusion *rather than the amount of benefits* that may be received * * * " (Emphasis ours.)

Counsel for appellant have cited only Hunt v. Hospital Service Plan of New Jersey, 33 N.J. 98, 162 A.2d 561, 81 A.L.R. 2d 919, in support of their argument that appellant was not "covered" by the Workmen's Compensation Act as to medical expenses in excess of the payments received under the compensation act.

In *Hunt*, supra, the exclusionary clause in the policy excepted from coverage liability for medical expenses:

"For services rendered * * * which * * * are in whole or in part compensable under any State * * * workmen's compensation law."

The Deputy Director of the Division Workmen's Compensation of New Jersey had found that the insured had suffered her injury in the course of her employment, but that her medical expenses were not compensable because such expenses were not incurred upon authorization by the employer.

The New Jersey court concluded that under the language of the exclusionary clause in the policy only those hospital and medical expenses were excluded which were in fact compensable. In other words, the exclusionary clause related to medical benefits compensable under workmen's compensation, and not to whether the injury was of a type covered by the compensation law.

The court pointed out that research had failed to disclose any case throughout the country identical to the one before the court.

The language of the exclusionary clause in *Hunt*, supra, is entirely different from the one herein considered, and removes the present case from the influence of *Hunt*, supra.

Where the invocation of an exclusionary clause depends upon whether the type of injury places the injured workman within the provisions of a workmen's compensation law, the cases from other jurisdictions, some of which are cited in the course of our opinion, uniformly hold that effect must be accorded the exclusionary clause.

Diligent counsel for appellee state in brief that they have found no case considering exclusionary clauses of the same import as the one now before us, in which it was not held that such clauses relate to the type of injury placing the claimant under a workmen's compensation law, rather than relating to the benefits flowing from such law. Our research convinces us ·of the correctness of the result of counsel's assertion.

The judgment of the lower court is due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.