212 Kan. 131 (1973)
510 P.2d 175
ST. FRANCIS HOSPITAL AND SCHOOL OF NURSING, INC., Appellant and Cross-Appellee,
v.
JOHN ECKMAN and VERGIE N. ECKMAN, Defendants, and UNITED BENEFIT LIFE INSURANCE COMPANY, Appellee and Cross-Appellant.
No. 46,765
Supreme Court of Kansas.
Opinion filed May 12, 1973.
Lawrence McDonough, of Jochems, Sargent & Blaes, of Wichita, argued the cause, and J. Francis Hesse, of the same firm, was with him on the brief for the appellant and cross-appellee.
Rodney R. Hatter, of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and Robert M. Siefkin, of the same firm, was with him on the brief for the appellee and cross-appellant.
The opinion of the court was delivered by
FONTRON, J.:
The overall issue presented in this appeal is the construction of an exclusionary clause contained in a group health and accident policy. There is no dispute of fact.
John Eckman was employed by Harper Trucks, Inc., a business concern which was subject to the provisions of the Kansas Workmen's Compensation Act, herein referred to as the Act. In addition, Harper Trucks, Inc., had secured for the benefit of its employees, *132 a group health and accident policy with United Benefit Life Insurance Company, and since Mr. Eckman chose to come under the policy he was issued a certificate.
On May 19, 1967, while Eckman was working on a job for Harper Trucks, Inc., and while in the course of his employment, he fell off a roof and was severely injured. After spending some six months in St. Francis Hospital and School of Nursing, Inc., herein called the hospital, Mr. Eckman came out owing the total sum of $10,502.90. Of this amount due for hospital expenses, alone, Eckman received $4492.74 from his employer's insurance carrier, Globe Insurance Company, payment being made pursuant to the provisions of the Act. Eckman's indebtedness to the hospital was thus reduced to a mere $6,010.16. We might say in passing that at the time Eckman was injured the liability of an employer for payment of medical, surgical and hospital expenses was limited to $6000 (K.S.A. 44-510 [1]), but has since been increased to $10,500. (K.S.A. 1972 Supp. 44-510.) This increase in benefits may or may not improve the workingman's lot, depending on how much medical and hospital costs have advanced in the meantime.
The hospital proceeded to file suit against Eckman for the balance due on its bill and recovered judgment against him for $6010.16 with interest. Nearly sixteen months later the hospital instituted garnishment proceedings against United Benefit Life Insurance Company, which we shall hereafter refer to as United.
United answered that it was neither indebted to Eckman nor did it possess any of his property. The hospital joined issue on the answer, the case was submitted to the court on a stipulation of facts and the court found in favor of the garnishee. The hospital appealed and United filed a cross-appeal, which has since been dismissed. The case now stands on the appeal alone.
The exclusionary clause in United's policy which has caused all the trouble and which gave rise to this lawsuit reads in pertinent part:
"This policy does not cover (a) injuries arising out of or in the course of the employment of the protected person or his dependents or sickness covered by a Workmen's Compensation Act or similar legislation, ..."
The certificate issued to Eckman contained essentially the same provisions as the group policy, including the exclusionary clause.
In a letter opinion and in the journal entry the district court found that the exclusionary clause clearly and with no ambiguity relieved United, the garnishee, of any liability or obligation to pay *133 hospital benefits. With this determination we are disposed to agree.
However, it is contended by the hospital that the exclusionary clause is ambiguous and that under our rule with respect to adhesion contracts including, in particular, contracts of insurance, the clause must be construed strictly against the insurance company which prepared the contract, and in favor of the policyholder. (3 Hatcher's Kansas Digest [Rev. Ed.] Insurance, § 42.) This is, indeed, the rule which has been expressed by this court many times, and we are not prepared to deviate therefrom in the least. But before the rule may be applied in a given case there must be vagueness or uncertainty of meaning in the contract being considered.
Two ambiguities are said to arise from the language of the exclusionary clause according to the view expressed by the hospital. It contends the clause is subject to criticism on two counts, the first of which is: Does the phrase "covered by a Workmen's Compensation Act" modify sickness alone or does it modify injuries as well? If the phrase qualifies only sickness, and this is the position assumed by United, then every injury arising out of or in the course of a workman's employment is excluded from coverage under the policy, whether or not the injury be one which is covered by workmen's compensation. We are inclined to disagree with United's posture in this regard.
As the hospital points out, this particular question was decided against United in a case arising in Georgia. (United Benefit Life &c. Ins. Co. v. Glisson, 105 Ga. App. 122, 124, 123 S.E.2d 350.) That decision, however, can be of small solace to the hospital, even though the court held that the exclusionary clause, identical to the one before us, did not relieve the insurance company merely because Glisson sustained injuries in the course of his employment, for the court went on to add "unless he would have a cause of action for such expenses under the Workmen's Compensation Act or similar legislation." From this qualifying language it may be implied that had Glisson been covered by workmen's compensation for the type of injury sustained, he could not have recovered hospital expenses under United's health and accident policy.
This brings us to the second ambiguity which the hospital alleges is found in the exclusionary clause: Whether an injured workman who is within the Act is entitled to recover, under a health and accident policy such as United's, those medical and hospital expenses *134 which exceed the amount available to him under the Act. In other words, queries the hospital, does the word "covered" in the exclusionary clause mean that an injury of the type for which any compensation benefits may be available are excluded from coverage, or does it mean that an injury is not covered to the extent only that benefits under the Act are available. The hospital urges that the ordinary policyholder would expect to be paid for that percentage of benefits not available under the Act and that the policy should be so interpreted under the rule that an insured is favored over an insurer.
In response to this line of argument, United replies that the verb "cover" refers not to expenses related to an injury or sickness but to the injury or sickness itself; that the clause pertains to the type of injury involved, i.e., an injury which is covered by the Act, and not to the percentage of medical or hospital expenses available under the Act for an injury which is covered.
Our research has uncovered no Kansas precedent, nor has any been cited by counsel. The question seems to be an open one in this state, although it has been before the courts of several other jurisdictions on similar exclusionary clauses. We have discovered no decision, however, which has upheld the hospital's position under the confronting facts of this case.
We are persuaded the exclusionary clause is not ambiguous and that United is not obligated under its policy for the unpaid balance of Eckman's hospital bill. Two cases decided in 1970, both with virtually identical backgrounds to the case at bar have particular precedential value and lend compelling support to the conclusion we have reached. The exclusionary clause in each of the two cases provided in material part:
"This policy does not provide benefits with respect to:
"1. Sickness or injury covered by any workmen's compensation act or occupational disease law; ..."
In Keffer v. Prudential Ins. Co., 153 W. Va. 813, 172 S.E.2d 714, the workman had incurred total medical costs approximating $5300 in connection with an injury covered by the Workmen's Compensation Act of West Virginia. He recovered the maximum benefits available in the amount of $4400 and filed a lawsuit to recover the balance of his expenses. In denying recovery, the West Virginia Supreme Court said:
"The provision of the policy which excepts from its coverage sickness or injury covered by any workmen's compensation act or occupational disease law *135 is clear and unambiguous. Its meaning is plain and unequivocal and it is not subject to judicial interpretation. (p. 815.)
..............
"By the clear and unambiguous terms of the policy of insurance, coverage for an injury covered by any workmen's compensation act is expressly excluded, and in consequence the plaintiff can not recover for any expenses which he has paid or incurred as a result of his injury.
"As the foregoing provision is clear and unambiguous the principle that a contract of insurance should be construed liberally in favor of the insured and construed strictly against the insurer has no present application. That principle applies only when there is an ambiguous provision which renders permissible construction or interpretation of such provision." (pp. 816, 817.)
The Alabama Supreme Court arrived at a like conclusion in Phillips v. Prudential Insurance Co. of America, 285 Ala. 472, 233 So.2d 480. After first deciding that the language of the exclusionary clause was not ambiguous, the court went on to say this:
"Where the invocation of an exclusionary clause depends upon whether the type of injury places the injured workman within the provisions of a workmen's compensation law, the cases from other jurisdictions, some of which are cited in the course of our opinion, uniformly hold that effect must be accorded the exclusionary clause.
"Diligent counsel for appellee [the insurer] state in brief that they have found no case considering exclusionary clauses of the same import as the one now before us, in which it was not held that such clauses relate to the type of injury placing the claimant under a workmen's compensation law, rather than relating to the benefits flowing from such law. Our research convinces us of the correctness of the result of counsel's assertion." (pp. 474, 475.)
In Slomovic v. Tenn. Hosp. Serv. Assn., 46 Tenn, App. 705, 333 S.W.2d 564, the plaintiff sought to recover $390, being the amount by which his expenses exceeded the maximum available under the Workmen's Compensation Law. While the phraseology of the exclusionary clause was somewhat more explicit than that found in the instant clause, its import was essentially the same. The Tennessee court held that the clause "excludes benefits for injuries covered by the Workmen's Compensation Law, even though the benefits claimed are in excess of those provided by law." (p. 709.)
To similar effect is Wenthe v. Hospital Service, Inc., 251 Iowa 765, 100 N.W.2d 903, where the policy issued by the defendant insurer contained a provision that "hospital service" did not include hospital care for injury or disease sustained in the course of a workmen's employment where the employer was required to provide hospital care by any federal, state or municipal law. In denying the plaintiff workman's claim for hospital expenses incurred as a result of injuries sustained in the course of his work, the Iowa Supreme Court said:

*136 "... [I]t is the type of disease or injury that calls into play the exclusion rather than the amount of benefits that may be received...." (p. 769.)
See, also, Bonney v. Citizens' Mut. Auto. Ins. Co., 333 Mich. 435, 53 N.W.2d 321.
We observe in the record what appears to be an endorsement or addendum to the policy issued by United. It is denominated OCCUPATIONAL COVERAGE and it reads:
"The provision contained in this policy which excludes coverage for injuries arising out of or in the course of employment or siceness covered by a Workmen's Compensation Act or similar legislation shall not be applicable to the following benefit provisions of this policy:
ACCIDENTAL DEATH AND DISMEMBERMENT BENEFITS"
Construing this endorsement in connection with other policy provisions we are strengthened in our belief that the policy is not unclear or ambiguous with respect to the coverage which is provided and that which is not provided; and that the expenses incurred by Eckman for treatment of injuries sustained at his work, but which fall outside the occupational coverage endorsement, are excluded from coverage even though they exceed the maximum recovery available under the Act.
We have not overlooked the decision in Segelstrom v. Blue Shield of Florida, Inc., 233 So. 645 (Fla. App.), from which the hospital quotes extensively. We view the case as not in point. The problem under consideration there was whether a workman who had been injured while working at a temporary job for a temporary employer during the Christmas season could be said to have been injured in the course of his employment within the meaning of a group health and accident policy carried by his regular employer. The case adds no support to the hospital's position.
A subsidiary point raised by the hospital relates to the allowance of attorney's fees, provision for which is found in K.S.A. 1972 Supp. 40-256 where an insurance company has refused without just cause or excuse to pay the full amount of a loss. In view of our decision that United is not liable under its policy for the payment of hospital benefits to Mr. Eckman, questions concerning the allowance of attorney's fees, either in district court or in this court, have become and are now moot.
The judgment of the district court is affirmed.