**Virginia RENSLOW b/n/f William Renslow, Appellant,**

v.

**STANDARD LIFE & ACCIDENT INSUR-ANCE COMPANY, Appellee.**

Supreme Court of Tennessee.

Nov. 12, 1974.

Jack R. Brown, Chattanooga, for appellant.

Phillip A. Fleissner, Chambliss, Bahner & Crawford, Chattanooga, for appellee.

## OPINION

COOPER, Justice.

Virginia Renslow, by next friend William Renslow, has appealed from a judgment entered in the Circuit Court of Hamilton County dismissing the action brought to recover benefits allegedly due appellant under a policy of group health and accident coverage issued to the Chattanooga Public School System.

The parties stipulated that Virginia Renslow was injured on January 19, 1972, when she was struck by a car while she was en route to Kirkman High School. Miss Renslow filed a claim for benefits under the policy of insurance appellee had

1

issued to the Chattanooga Public School System. The policy provided, among other things, that:

### TRAVEL BY MOTOR VEHICLE AND ACCIDENTS INVOLVING MOTOR VEHICLES.

Payment for any loss sustained by an insured hereunder by reason of an accident involving a motor vehicle or motor vehicles (whether such insured is the motor vehicle operator, a passenger in said motor vehicle or a pedestrian involved in such accident) shall be made only to the extent said loss exceeds *any and all other compensation paid as a result of said accident.* Such compensation shall include all payments made to the Insured, or in the Insured's behalf, by other insurance, hospital or surgical plan, or *third party liability.* . * * * (Emphasis added.)

Miss Renslow was paid seven hundred dollars ($700.00) by Allstate Insurance Company, the liability insurance carrier for the driver of the automobile that struck Miss Renslow.

Appellant does not dispute the fact that the seven hundred dollars ($700.00) paid by Allstate comes within the contract provision set out above, but insists the policy provision is "illegal and void under the Tennessee law." The thrust of appellant's argument is that the policy provision is contra. to public policy, and that it is too indefinite and uncertain to be enforceable.

We are aware of no public policy in Tennessee which would prevent a group insurance carrier from imposing reasonable limitations on its coverage, designed to avoid the duplication of payments to the insured from the same accident nor has counsel cited us any authority so holding. While we have not had occasion to consider an excess clause similar to the one in the policy in this case, we have enforced medical insurance provisions completely excluding coverage where the insured is entitled to workmen's compensation bene-

fits arising from the accident which caused the medical expenses to be incurred. Slomovic v. Tennessee Hospital Service Ass'n, 203 Tenn. 380, 313 S.W.2d 265 (1958), on later appeal, 46 Tenn.App. 705, 333 S.W.2d 564 (1959); State Farm Mutual v. Rice, 205 Tenn. 344, 326 S.W.2d 490 (1959). In principle, we see no difference in that exclusion and the excess clause now under consideration. The purpose of each is to restrict coverage to situations where the insured is not otherwise protected. Cf. Smith v. Idaho Hospital Service, 89 Idaho 499, 406 P.2d 696 (1965), wherein the Idaho Supreme Court upheld the validity of a policy provision similar to the excess clause in appellee's policy against an attack based on public policy, stating at page 700:

The certificate involved must be construed as any other contract, in accordance with its general scope and the intention of the parties. This contract expressly limits the obligation of respondent to provide the benefits here in controversy only as are not made available from funds reasonably recoverable from a negligent third party. * * * It was an express condition of his contract and he did .in fact recover it from the tort feasor. The court is not warranted in *ignoring this condition by construction* or arbitrary disregard of the terms of the contract.

See also Barmeier v. Oregon Physicians' Service, 194 Or. 659, 243 P.2d 1053 (1952).

Appellant argues that a practical effect of the excess clause is to unreasonably delay the paying of benefits pending a "fault determination." As pointed out by counsel for appellee, "all of the arguments . . . are equally applicable to a situation in which the issue of compensability must be decided before medical insurance coverage can be determined, and. yet the workmen's compensation exclusion has been upheld by this Honorable Court in *Slomovic* and *Rice,* supra. . . . [And], if the 'delay' argument were carried to its logical conclusion, no provi-

sion in any insurance policy could ever be sustained, if it required a factual investigation to determine whether coverage existed."

The contract of insurance here involved must be construed as any other contract, in accordance with its general scope and the intention of the parties. The contract expressly limits the obligation of appellee to payment of appellant's medical expenses that are in excess of "any and all other compensation paid as a result of said accident," including payments made to the insured by third party liability. This court is not warranted in ignoring the policy limitation of liability by construction or in arbitrarily disregarding the terms of the contract, for to do so would be to make a new contract for the parties.

Judgment affirmed. Costs are adjudged against the appellant and her surety.

Fones, C. J., and Brock, Henry and Harbison, JJ., concur.