Emily R. TAYLOR, Plaintiff–Appellant,

v.

STATE FARM INSURANCE COMPANY, Defendant–Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 17, 1989.

Application for Permission to Appeal Denied by Supreme Court Aug. 7, 1989.

Luther E. Cantrell, Jr., Davies, Cantrell, Humphreys & McCoy, Nashville, for plaintiff-appellant.

W.P. Ortale and Gerald C. Wigger, Ortale, Kelley, Herbert & Crawford, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiff Emily R. Taylor from the trial court's granting of defendant, State Farm Insurance Company's (State Farm), motion for summary judgment and dismissal of plaintiff's complaint.

The facts are not in dispute and are as follows:

Plaintiff purchased an automobile insurance policy from State Farm covering her 1987 BMW automobile. The policy provided, among other coverages, comprehensive which included loss of the automobile by theft.

The policy also contained an endorsement, "6023Q.3 DRIVER EXCLUSION ENDORSEMENT,"[1] issued contemporaneously with the policy. That endorsement in pertinent part is as follows:

> This endorsement is a part of *your* policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement.
>
> . . . .
>
> IN CONSIDERATION OF THE PREMIUM CHARGED FOR *YOUR* POLICY IT IS AGREED WE SHALL NOT BE LIABLE AND NO LIABILITY OR OBLIGATION OF ANY KIND SHALL ATTACH TO US FOR *BODILY INJURY, LOSS* OR DAMAGE UNDER ANY OF THE COVERAGES OF THE POLICY WHILE ANY MOTOR VEHICLE IS OPERATED BY
> JAMES B. ROBISON.

On 8 October 1987, while the policy was in full force and effect, James B. Robison, plaintiff's son, stole the plaintiff's 1987 BMW. On 9 October 1987, at approximately 12:30 p.m., while James Robison was operating the 1987 BMW, it was totally destroyed in a one-car accident.

James B. Robison had never before driven the 1987 BMW either with or without permission.

Immediately upon discovering the theft of her automobile, plaintiff reported it to the Metropolitan Police Department. She also had her son arrested for the theft of the automobile. He appeared in General Sessions Court where he pleaded guilty to the theft of the automobile and was sentenced to eleven months and twenty-nine days. He served four months of the sentence.

It is clear that plaintiff's son, James B. Robison, had stolen the 1987 BMW and was operating it without plaintiff's permission at the time it was involved in the accident and totally destroyed.

Thereafter, plaintiff made demand upon State Farm to pay for the damage to the 1987 BMW under the theft coverage of her policy. State Farm denied her claim on the ground that there was no coverage.

It is well settled that riders or endorsements qualifying or restricting the liability of the insurer attached to the face of the policy contemporaneously with its issuance to the insured, constitute a part of the policy, where such riders or endorsements themselves provide that they are a part of the policy.

*Brown v. Tennessee Auto Ins. Co.,* 192 Tenn. 60, 63, 237 S.W.2d 553, 554 (1951) (citation omitted).

The rider or endorsement, insofar as it qualifies, modifies or restricts the terms of the policy is controlling. 192 Tenn. at 63, 237 S.W.2d at 554.

Plaintiff admits that James B. Robison is not insured under the policy. However, it is her insistence that since James B. Robison did not have her permission to operate the vehicle, coverage should be applicable for theft since the vehicle was being driven by a thief without her knowledge and consent. In other words, she contends that the exclusionary endorsement does not apply unless James B. Robison operates the vehicle with her permission.

There is no ambiguity in the endorsement. It plainly states: "WE [State Farm]

---

1. The policy also contained three other endorsements. However, they are not germane to the issue before us.

SHALL NOT BE LIABLE AND NO LIABILITY OR OBLIGATION OF ANY KIND SHALL ATTACH TO US FOR *BODILY INJURY, LOSS* OR DAMAGE UNDER ANY OF THE COVERAGES OF THE POLICY WHILE ANY MOTOR VEHICLE IS OPERATED BY JAMES B. ROBISON."

Where there is no ambiguity, it is the duty of the Court to apply to the words used their ordinary meaning and neither party is to be favored in their construction. The well recognized rule of construing language of an insurance policy most strongly against the insurance company does not permit or cause the Court to create an ambiguity where none exists.

*Brown,* 192 Tenn. at 63, 237 S.W.2d at 554–555 (citation omitted).

One such principle is that, absent ambiguity, the terms of a contract of insurance are to be construed according to their plain, ordinary, popular sense unless they have acquired a technical sense in commercial usage.

*Swindler v. St. Paul Fire & Marine Ins. Co.,* 223 Tenn. 304, 307, 444 S.W.2d 147, 148 (1969) (citations omitted).

"Exclusionary clauses are not to be construed broadly in favor of the insurer.... However, neither should they be construed so narrowly so as to defeat their evident purpose." *Midland Ins. Co. v. Home Indemnity Co.,* 619 S.W.2d 387, 389 (Tenn. App.1981) (citations omitted).

There is nothing in the exclusionary endorsement from which it can even be argued that the exclusion applies only when James B. Robison is operating the vehicle with permission. Plaintiff was fully aware of the endorsement. She agreed when she accepted the policy with the endorsement that State Farm would not be liable or have any obligation "under any coverages of the policy" when the vehicle was operated by James B. Robison.

"Any coverage of the policy" encompasses *all* coverages of the policy. This includes theft, rental, and uninsured motorist coverage.

We have considered each of plaintiff's issues and find them to be without merit.

The judgment of the trial court is affirmed with costs assessed to the plaintiff and the cause remanded to the trial court for further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.