IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

JAMES ROBINSON,

      Plaintiff-Appellee,

Vs.

CUNA MUTUAL INSURANCE GROUP,

      Defendant-Appellant.

Benton Chancery No. 8739
C.A. No. 02A01-9707-CH-00151

FILED

October 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FROM THE BENTON COUNTY CHANCERY COURT
THE HONORABLE WALTON WEST, CHANCELLOR

Clyde W. Watson of Camden
For Plaintiff-Appellee

J. Whitten Gurkin of Memphis
For Defendant-Appellant

*VACATED AND REMANDED*

Opinion filed:

                      **W. FRANK CRAWFORD,**
                      **P.J., W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

      This case involves a claim under a disability credit insurance policy. Defendant, CUNA

Mutual Insurance Group (CUNA), appeals from the order of the trial court denying its motion

for summary judgment and granting summary judgment to plaintiff, James Robinson.

Plaintiff, a TVA employee, entered into a credit agreement with Johnsonville TVA Employees Credit Union, (referred to as a Loanliner Credit Agreement). Under this credit arrangement, it is anticipated that the credit union would make loans to the employee from time to time (called advances) and the amount of installment payments for an advance would be determined according to a payment schedule.

On December 27, 1992, plaintiff applied for a loan with the credit union and also purchased a credit life/credit disability insurance policy from CUNA. The provisions of the policy pertinent to the dispute in this case are as follows:

> LOANLINER
> Certificate of Insurance
> Credit Life/Credit Disability
>
> CUNA Mutual Insurance Society 5910 Mineral Point Road Post Office Box 391 Madison, WI 53701
> (Called We)
>
> *          *          *
>
> BENEFITS
>
> Benefits are paid to your credit union to pay off or reduce your loan. If the benefits are more than the balance of your loan, the difference will be paid to you if you are living or to the Beneficiary named by you, if any, or to your estate. Our payment will completely discharge our liability to the extent of the payment.
>
> *          *          *
>
> **Total Disability Insurance Benefit.** If you are insured for disability coverage, we will pay a benefit if you file written proof that you became totally disabled while insured and continue to be totally disabled for longer than the period stated in the Schedule. Payment will be calculated beginning with the day shown in the Schedule.
>
> The monthly benefit for each month of your disability to be compensated will be equal to the minimum monthly payment required on your loan on the date you became disabled. For a partial month, each daily benefit will be equal to 1/30th of the monthly benefit. Our monthly benefit payment will not exceed the Maximum Monthly Total Disability Benefit stated in the Schedule.
>
> Our benefit payments will stop on the date:
>
> 1. you are not totally disabled any more; or
> 2. the insured portion of your loan has been repaid or otherwise stops; or
> 3. the balance of your loan has been paid by a lump sum disability benefit under a credit life insurance policy; or

4. of your death

**Definition of Total Disability.** During the first 12 consecutive months of total disability, Total Disability means that you are not able to perform most of the duties of your occupation because of a medically determined sickness or accidental injury and are under the care and treatment of a physician. After the first 12 consecutive months of Total Disability, the definition changes and requires that you not be able to perform the duties of any occupation for which you are reasonably qualified by education, training or experience. You will be required to give us proof of your continuing Total Disability from time to time.

\*          \*          \*

EXCLUSIONS AND RESTRICTIONS

\*          \*          \*

**Total Disabilities Not Covered.** We won't pay a claim for any advance on a loan or return your disability insurance premium if your total disability:

1. begins within six (6) months after the Effective Date of insurance on the advance and results from any disease or bodily injury for which you received medical advice, diagnosis or treatment at any time within the six (6) month period immediately preceding the Effective Date of insurance on the advance;

\*          \*          \*

On July 17, 1992, within six months preceding the effective date of the CUNA policy, plaintiff was seen by Dr. W. Cooper Beazley and was diagnosed as having a herniated lumbar disc at L5 level. On March 11, 1993, within six months after the effective date of the CUNA policy, plaintiff fell out of a chair and sustained injuries to his low back and neck. It is undisputed that plaintiff's low back injury was an aggravation of the previously diagnosed lumbar disc injury.

CUNA denied plaintiff's claim for total disability benefits as to the December 27, 1992 loan asserting that plaintiff was diagnosed and treated for the disabling condition on July 17, 1992, within six months of the effective date of the policy, and therefore excluded by the terms and provisions of the policy.

Plaintiff filed suit alleging that CUNA wrongfully denied his claim, and CUNA joined issue on the complaint's allegations. Both parties filed motions for summary judgment. CUNA asserts that there is no dispute that plaintiff is totally disabled by virtue of his lumbar disc and the resulting surgery, therefore it makes no difference that he might have had another injury to his neck resulting in disability. Plaintiff asserts, however, that he is not seeking disability

benefits because of the injury to his lumbar spine but is seeking disability benefits because he sustained disability by virtue of the injury to his cervical spine for which he had never had any previous diagnosis or treatment.

The trial court denied CUNA's motion for summary judgment and granted plaintiff's motion for summary judgment as limited by its memorandum opinion which states in part:

> The Court is of the opinion, considering all medical evidence, that the neck injury sustained by the plaintiff as a result of the March 1993 accident is, in and of itself, a sufficient basis for recovery under the policy irrespective of any other injuries the plaintiff may have received as a result of the March 1993 accident. The Court finds that the plaintiff had not received "medical advice, diagnosis or treatment" for the neck condition within six (6) months prior to the issuance of the policy. However, the court notes a portion of the policy which reads as follows:
>
> > **Definition of Total Disability.** During the first 12 consecutive months of total disability, Total Disability means that you are not able to perform most of the duties of your occupation because of a medically determined sickness or accidental injury and are under the care and treatment of a physician. After the first 12 consecutive months of Total Disability, the definition changes and requires that you not be able to perform the duties of any occupation for which you are reasonably qualified by education, training or experience. You will be required to give us proof of your continuing Total Disability from time to time.

CUNA has appealed, and the issues for review are:

> 1. Whether disability benefits are due under the policy when the employee is disabled by two distinct injuries, one of which is excluded by the policy terms.
>
> 2. Whether the trial court erred in denying defendant's motion for summary judgment and granting plaintiff's motion for summary judgment.

A consideration of the first issue requires an interpretation of the provisions of the insurance policy. Insurance contracts are subject to the same rules of construction and enforcement as applied to contracts generally. *McKimm v. Bell*, 790 S.W.2d 526 (Tenn. 1990). The cardinal rule for interpretation of contracts is to ascertain the intention of the parties from the contract as a whole and to give effect to that intention consistent with legal principle. *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn. 1975); *Union Planters Nat'l Bank v. American Home Assurance Co.*, 865 S.W.2d 907, 912 (Tenn.

4

App. 1993). Where there is no ambiguity, it is the duty of the Court to apply to the words used their ordinary meaning and neither party is to be favored in their construction. *Brown v. Tennessee Auto Ins. Co.*, 192 Tenn. 60, 63, 237 S.W.2d 553, 554 (1951); *Heyer-Jordan & Assocs. v. Jordan*, 801 S.W.2d 814, 821 (Tenn. App. 1990).

The contract before us requires that for benefits to be paid there must be total disability. Explicitly excluded from coverage is a total disability that begins within six months of the effective date of the insurance policy, and which results from a malady for which the insured received advice, diagnosis, or treatment within the six month period before the effective date of the insurance coverage. Thus, if a person has a total disability within the first six months of the effective date of the policy, that results from a malady for which the person received medical attention within six months before the effective date of the policy, there is no coverage. However, we find nothing in the policy to exclude coverage for a total disability resulting from a malady which occurred within six months after the effective date of the policy and for which there was no medical attention received within the six month period prior to the effective date of the policy. That is to say that if a person has two separate and distinct injuries, each of which are totally disabling, coverage could be afforded for one of the disabilities when it would not be available because of the policy exclusion for the other disability. That appears to be the conclusion reached by the trial court, and we do not disagree with that conclusion.

This bring us to the second issue. The medical deposition of Dr. Gulish adequately establishes that there were two distinct injuries from the March 1993 accident, and the deposition could be interpreted to establish that there was some disability from each of the injuries. However, to be entitled to benefits under CUNA's policy, there must be a total disability that results from a malady not excluded by the policy provision. There is no testimony to this effect in the record, although it appears to be undisputed that there were two distinct injuries. There does appear to be a material disputed issue of fact concerning whether the alleged cervical injury sustained by plaintiff resulted in a total disability in and of itself, to the exclusion of any disability arising out of the lumbar disc problem. Therefore, under the state of this record, summary judgment was not proper for either party. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

Accordingly, the order of the trial court is vacated, and this case is remanded to the trial court for further proceedings consistent with this opinion. Costs of the appeal are assessed

equally to the parties.

                                         _____

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

**ALAN E. HIGHERS, JUDGE**

_____

**DAVID R. FARMER, JUDGE**