Rosswell C. Parsons, Plaintiff-Appellee, v. Granite City Steel Company, a Corporation, Defendant-Appellant.

Gen. No. 63–F–5.

Fourth District.

May 16, 1963.

Lueders & Robertson, of Granite City, for appellant.

Morris B. Chapman and George Filcoff, Jr., of Granite City, for appellee.

SCHEINEMAN, PJ.

The plaintiff filed a suit for Declaratory Judgment as to his rights against the defendant under a pension plan, which existed pursuant to a contract between the defendant company and the United Steelworkers, the bargaining agent for the company's employees.

The facts were submitted to the court by stipulation, and the court found a certain provision in the pension plan was void on the ground it was in violation of the Workmen's Compensation Act. Judgment was entered against the company, and this appeal followed.

The plaintiff had been an employee of defendant for a number of years, and in 1958 he retired and began to draw his pension as provided for by the contract above mentioned. In the latter part of May 1960 he received an award from the Industrial Commission because of injuries received in the course of his previous employment. His injury did not involve the loss of any bodily member. The award contained a provision for a fixed monthly allowance for the rest of his life and the amount was greater than his monthly

pension. The company paid the pension monthly through May of 1960 and then discontinued payment, when it began paying the monthly compensation award. It made no claim for a refund or setoff of pension payments already made.

From decisions in other states, it appears the pension contract involved in this case is a common one, probably because the United Steelworkers of America bargain on an industry-wide basis. The paragraph which caused the present dispute is here quoted:

"4. Any amount paid to or on behalf of any Employee or pensioner on account of injury or occupational disease causing disability in the nature of a permanent disability for which the Company is liable, whether pursuant to workmen's compensation or occupational disease laws, or arising otherwise from the statutory or common law (except fixed statutory payments for the loss of any bodily member), and any such payments on account of employment by an employer other than the Company, and any disability payment in the nature of a pension under any federal or state law, shall be deducted from or charged against the amount of any pension payable under this Part 11."

In behalf of plaintiff, it is contended that enforcement of this provision would be a violation of the Illinois Workmen's Compensation Act, c 48, Ill Rev Stats specifically as to parts of Section 138.21 and 138.23. The portions relied upon by plaintiff are here quoted:

Sec. 138.21—"No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages. . . ."

Sec. 138.23—"No employee, personal representative, or beneficiary shall have power to waive any of the provisions of this Act in regard to the amount of compensation which may be payable to such employee, personal representative or beneficiary hereunder except after approval by the Commission. . . ."

The difficulty with this claim of violation of the above provisions of the Act, lies in the fact that the company has made all payments regularly, and without deduction since the effective date of the award, as is stipulated by the parties. This statute has no reference to or connection with pension plans. If the company had sought to recover pension installments already made, by deduction from the award, this would be prevented. So held in Crane Co. v. Loome, 25 Ill App2d 61, 165 NE2d 728. This case is cited in support of plaintiff's position.

The Crane case involved a pension contract with the same provision for reducing or cancelling pension payments when the company paid an award by the Industrial Commission. The opinion does not find anything wrong with this. The construction of the clause was: "These provisions contemplate *future deduction* from a *pension* of amounts paid to the employee under an Industrial commission award." (Emphasis supplied.) The court added "There is no provision in the pension plan that such (pension) payments could have been deducted from a subsequent award of compensation." If there had been, the court would probably have held it void under the Compensation Act sections we have cited. The employer was attempting to deduct past pension payments from the award; this it was not permitted to do. Thus, the ruling was that the *award* may not be reduced by pension installments already made, but it does not hold that the

future *pension* may not be reduced by the amount of the award.

As previously noted, in the case at bar, the defendant made no attempt to deduct anything from the award. The award is paid according to its terms, but after the award the pension payments were discontinued as provided in the contract.

The plaintiff reads into the contract that the pension "shall be deducted" from any moneys due from compensation received by the employee. There is no such provision in the contract, and no attempt has been made to deduct anything from the award, as was the case in plaintiff's citations: City of Evanston v. Industrial Commission, 367 Ill 155, 10 NE2d 644; Kennedy-VanSaun Mfg. & Engineering Corp. v. Industrial Commission, 355 Ill 519, 189 NE 916; and the Crane case previously mentioned.

The plaintiff seems to contend this is merely a play on words. The argument overlooks the fact that the pension is not tied to workmen's compensation. It is clearly a substitute for other disability or retirement benefits. He has a contractual right to the pension unless and until his minimal needs are otherwise provided for, thereafter the pension is reduced pro tanto or cancelled as the case may be. His type of argument has been made before, and Renshaw v. U. S. Pipe and Foundry, 30 NJ 458, 153 A2d 673, is exactly like the case at bar. We therefore quote from it at some length:

> "In our case it is plain beyond argument that no decrease in compensation benefits was intended or accomplished by the pension plan, nor did it amount to an unlawful means whereby the defendant was enabled to recoup such payments. . . . The purpose and design of the agreement were quite differently oriented. The difference is not a mere play on words; the distinction is

one of fundamental principle. What the plan actually amounted to and no more, was a commitment by the company to see that each retired employee received a fixed amount of money monthly, to compensate partially for wages lost through inability to continue employment by reason of age, and if such was not forthcoming in whole or in part from the specified sources, i. e., public pension, other pension contributed by the company, social security benefits, private or statutory severance pay and the like, workmen's compensation benefits from the company or any other employer or public disability pension, it would pay the computed amount or any deficiency. The scheme had no particular relation to compensation benefits. Its scope was much broader and the theory an infinitely deeper one.

"Moreover, it was no unilateral or gratuitous undertaking but an agreement collectively bargained for and reached between an employer and the exclusive agent of the employees as part of a basic labor contract. We assume, of course, the enforceable nature of the understanding. . . . In such a situation, the rights and obligations of the parties must be measured by the terms of the contract under the ordinary rules of contractual construction. . . .

"We see no public policy question involved, and so no violation thereof, in any such design of a private, contractual pension plan or the particular provision before us. Plaintiff's position would seem to be equally assertive against any decrease in the pension by the amount of social security payments or any of the other specified deductions. We find nothing to warrant concluding that workmen's compensation payments should be in any different or more insulated category."

This court approves the foregoing reasoning. And the comment that plaintiff's position might be equally assertive against deduction from the pension of any of the other specified payments has been borne out. In a U. S. District Court in Illinois, a plaintiff attacked pension deduction based on his receipt of social security payments. The court held no rule of law makes unlawful a pension plan which provides for reduction based on governmental benefits. Also, that provisions of the social security law prohibiting transfer or assignment of social security benefits does not apply to their use as a reduction of benefits in a private pension plan. "Long use and context both indicate that the provision was directed at the ordinary type of transfer or assignment such as a wage assignment." Hurd v. Illinois Bell Tel. Co., 136 F Supp 125, affirmed 234 F2d 942.

The agreement puts a burden on the employer of providing some relief for wages lost by some kind of disability, but limited in amount and duration. The necessary future financing may be computed on an actuarial basis, with knowledge that most employees will be compensated for lost wages from other sources at some time. If these limitations are not valid, then the financial burden of the employer is vastly increased. This much larger burden is not imposed by the contract, and should not be inserted by judicial construction. For the reasons given the judgment is reversed.

Judgment reversed.

CULBERTSON and HOFFMAN, JJ, concur.