Orrin C. Hammond, Plaintiff-Appellee, v. The Prudential Insurance Company of America, a Mutual Life Insurance Company, Defendant-Appellant.

Gen. No. 65–76M.

Third District.

September 16, 1966.

Rehearing denied October 7, 1966.

Miller, Westervelt & Johnson, of Peoria, for appellant.

John Radley, of Peoria, for appellee.

STOUDER, J.

Plaintiff, Hammond, commenced this action in the Circuit Court of Peoria County to recover hospital, medical and surgical expenses from the Defendant, Prudential Insurance Company, under the terms of a health insurance policy issued by the Defendant. The case was heard upon a stipulation of facts and resulted in a judgment in favor of Plaintiff in the amount of $1,433. Defendant appeals. No questions are raised concerning the pleadings and the facts are undisputed.

According to the stipulation of facts, Plaintiff, a truck driver, while operating his truck on the wrong side of the road on August 16, 1961, collided with another truck the resulting injuries including the loss of Plaintiff's arm. Plaintiff made his last pickup for his employer in Peoria at 3:30 p. m. and the accident took place north of Peoria at 6:30 p. m., although Plaintiff has no recollection of what events if any, intervened. In the performance of his duties Plaintiff had no reason to be at the location of the accident. Plaintiff was intoxicated at the time.

Plaintiff filed his claim under the Workmen's Compensation Act, chap 48, Ill Rev Stats 1959, alleging injuries compensable under the Act. The Arbitrator denied Plaintiff's claim and thereafter Plaintiff perfected a review of the Arbitrator's decision to the Industrial Commission. Pending review, a lump-sum settlement contract was approved by the Industrial Commission. The settlement contract itemized Plaintiff's hospital and medical expenses describing them as unpaid. Plaintiff agreed to accept and later received $4,000 in full settlement of all claims and demands against his employer, including medical and hospital expenses.

16

The health insurance policy upon which Plaintiff's action is based contains the following exclusion: "Exceptions applicable to Part IV: This Part IV does not provide benefits for loss (1) caused or contributed to by sickness or injury of the insured or a covered dependent if such sickness or injury is recognized as a compensable loss by the provisions of any Workmen's Compensation Act or Occupational Disease Law under which such person is or could be protected on a mandatory or voluntary basis, whether or not such protection is so afforded." Defendant claims that the exclusionary provision is applicable to the present claim and hence the trial court erred in entering judgment against it. For the purpose of its argument Defendant concedes that Plaintiff was not acting within the scope of his employment at the time of the accident. However Defendant argues that the question of whether or not Plaintiff was acting within the scope of his employment is immaterial since in fact the Plaintiff received a lump-sum settlement under the Workmen's Compensation Act which settlement included the medical and hospital expenses herein sought to be recovered.

In support of the judgment, Plaintiff claims that the lump-sum settlement being substantially less than the benefits payable for the loss of an arm, was a compromise settlement and did not determine the compensability of the injury under the Workmen's Compensation Act. Plaintiff argues further that since in fact he was not acting within the scope of his employment, the lump-sum settlement is not a bar to this action and further that the exclusionary provision is ambiguous as applied to the facts of this case.

In Fogelmark v. Western Casualty & Surety Co., 11 Ill App2d 551, 137 NE2d 897, the court held that the purpose of a similar exclusionary provision was to avoid the double payment of medical expenses and further that such an exclusionary provision must be considered to have incorporated by reference the provisions of the Workmen's

17

Compensation statute. See also Roop v. Farmers Automobile Management Corp., 15 Ill App2d 125, 145 NE2d 334, wherein the court held a similar exclusionary provision applicable where employee was required to and did reimburse his employer for all compensation paid, such reimbursement coming from a recovery from a third-party tort-feasor.

A compromise settlement as represented by the lump-sum settlement contract may not be determinative of the merits of an employee's claim under the Workmen's Compensation Act. However, to the extent that such lump-sum settlement may be deemed in payment of expenses appropriately recoverable under the Workmen's Compensation Act, we can only conclude that such expenses are recognized as compensable under such Act. If the Plaintiff was recompensed for his medical expenses, the merits or demerits of Plaintiff's claim under the Workmen's Compensation Act is immaterial. The court in Kosick v. Hospital Services, 12 Ill App2d 291, 139 NE2d 619, considered problems similar to those involved herein and held that a lump-sum settlement under the Workmen's Compensation Act precluded coverage of medical expenses under a health policy containing a similar exclusionary provision. Although the lump-sum settlement in the Kosick case was based on a previous Arbitrator's award, including a specific amount for medical expense, we find no difference between the legal effect of such lump-sum settlement and the settlement in the instant case. We have examined the precedents relied upon by Plaintiff but we do not believe that they support a position contrary to that expressed herein. We believe that the medical expenses were included in the lump-sum settlement received by Plaintiff and that the exclusionary provision of the policy is applicable and bars recovery by Plaintiff.

18

Finding error in the judgment of the Circuit Court of Peoria County said judgment is reversed.

Judgment reversed.

CORYN, P. J. and ALLOY, J., concur.