MARGARET S. BERKEN, FORMERLY KNOWN
AS MARGARET S. WILCOX, v. BENEFICIAL
STANDARD LIFE INSURANCE COMPANY.

221 N. W. 2d 122.

June 21, 1974—No. 44523.

*Wright, Wanglie & Leighton* and *F. Gordon Wright,* for appellant.

*Richards, Montgomery, Cobb & Bassford, Jon D. Jensvold,* and *Jerome C. Briggs,* for respondent.

Heard before Sheran, C. J., and Otis, Scott, and Knutson, JJ., and considered and decided by the court.

SCOTT, JUSTICE.

This is an appeal from a summary judgment in favor of defendant, Beneficial Standard Life Insurance Company. We affirm.

The agreed statement of the case under Rule 110.04, Rules of Civil Appellate Procedure, provides in pertinent part as follows:

"This is an action for recovery of an accidental death benefit allegedly payable under a policy of health and accident insurance issued by defendant to plaintiff's father. After the pleadings were closed, both parties moved for summary judgment on the basis of the pleadings and supporting affidavits. The relevant and undisputed facts before the Court were as follows:

"On May 16, 1971, defendant Beneficial Standard Life Insurance Company issued a policy of health and accident insurance to one John M. Wilcox. The designated beneficiary was the estate of the insured. On March 29, 1972, with the consent of defendant, Mr. Wilcox changed the beneficiary of the policy to Miss Margaret S. Wilcox, the insured's daughter.

"The policy, in addition to other coverages, provided an accidental death benefit of $10,000.00. The policy provided that:

" 'No benefits are payable under this policy because of injury for which compensation is payable under any Workmen's Compensation Law or any Employer's Liability Act.'

"Mr. Wilcox met his death on June 5, 1972, as the result of his involvement in an automobile collision near LeMars, Iowa. At the time of the accident causing his death, Mr. Wilcox was in the course and scope of his employment with Herman-Marcus Company, which carried Workmen's Compensation insurance with the United States Fidelity and Guaranty Company. Workmen's

Compensation benefits are payable under the aforementioned policy pursuant to the provisions of relevant Workmen's Compensation statutes.

"Plaintiff, as an emancipated daughter of the insured, is not entitled to any of the Workmen's Compensation benefits payable by reason of his death."

The issue before us is clearly stated by defendant as follows:

"Where a policy of health and accident insurance provides that 'no benefits are payable under this policy because of injury for which compensation is payable under any Workmen's Compensation Law or any Employer's Liability Act,' is the designated beneficiary of the accidental death benefit contained in the policy entitled to the recovery thereof where the named insured sustained a fatal injury while in the course and scope of his employment for which Workmen's Compensation benefits are payable?"

In 43 Am. Jur. 2d, Insurance, § 259, the text contains these pertinent statements:

"The question of construction of a contract of insurance, as of the construction of contracts generally, can arise only when the language of the contract is in need of construction. If the language employed is unambiguous and clear, there is no occasion for construction. Stated differently, resort to general rules for the construction of an insurance policy is unnecessary where the contract is unambiguous and its meaning clear. The court is bound to adhere to the insurance contract as the authentic expression of the intention of the parties, and it must be enforced as made where its language is plain and certain. This means that the terms of an unambiguous insurance policy cannot be enlarged or diminished by judicial construction, since the court cannot make a new contract for the parties where they themselves have employed express and unambiguous words."

See, also, Bettenburg v. Employers Liab. Assurance Corp., Ltd. 350 F. Supp. 873 (D. Minn. 1972); Dairyland Ins. Co. v. Implement Dealers Ins. Co. 294 Minn. 236, 199 N. W. 2d 806 (1972).

It is clear that the clause before us meets this standard in that it is unambiguous and unequivocally states the circumstances under which coverage will be denied. It is therefore unnecessary to resort to a determination of the subjective intent of the parties. In considering an exclusionary clause of nearly identical import in Slomovic v. Tennessee Hospital Service Assn. 46 Tenn. App. 705, 709, 333 S. W. 2d 564, 566 (1959), the Court of Appeals of Tennessee wrote:

"We think this exclusion clause is not ambiguous. It clearly excludes from the policy's coverage hospital benefits for *injuries* or *diseases* for which the insured is entitled to *'any* hospital care or for which he receives *any* award or settlement in any proceeding under Workmen's Compensation laws.' That is, it excludes benefits for *injuries* covered by the Workmen's Compensation Law, even though the benefits claimed are in excess of those provided by that law.

"It is common for hospital and public liability policies to exclude benefits or liability for injuries covered by the Workmen's Compensation Law; and in a number of cases, language, more or less similar to that in this exclusion clause, has been held to exclude liability or benefits for injuries covered by the Workmen's Compensation Law. State Farm Mutual Auto. Ins. Co. v. Rice, 205 Tenn. 344, 326 S. W. (2d) 490, 491; Vaughn v. Standard Sur. & Cas. Co., 27 Tenn. App. 671, 184 S. W. (2d) 556; Bonney v. Citizens Mut. Auto. Ins. Co., 333 Mich. 425, 53 N. W. (2d) 321; Roop v. Farmers Auto. Management Corp., 15 Ill. App. (2d) 125, 145 N. E. (2d) 384; Kosick v. Hospital Service Corp., 12 Ill. App. (2d) 291, 139 N. E. (2d) 619."

We must give this insurance policy the plain meaning that was intended. This is not a situation, as contended by plaintiff, where one policy provides primary coverage and another is relegated to a secondary position. A necessary conclusion to this contention would be that the two policies, namely the workmen's compensation policy and this health and accident insurance policy, both cover the same accident or loss. In no way do they purport to do

this. We are clearly not dealing with conflicting, overlapping insurance escape or excess clauses. Sathre v. Brewer, 289 Minn. 424, 184 N. W. 2d 668 (1971).

It is true that when ambiguities are present an insurance policy is to be liberally construed in favor of the named insured. However, this construction is not necessitated when the clause is unambiguous and its meaning is readily apparent to the insured. By the clear and unambiguous terms of the policy of insurance, coverage for injury or death where benefits are payable under the Workmen's Compensation Act is expressly excluded and, therefore, the lower court's summary judgment should be affirmed.

Affirmed.