Walter BUNNEY, Appellant
(Plaintiff below),

v.

STANDARD OIL COMPANY, a corporation, Aetna Life & Casualty, a corporation, Appellees (Defendants below).

No. 4767.

Supreme Court of Wyoming.

Nov. 29, 1977.

David B. Park, Casper, signed the brief and appeared in oral argument with Harry E. Leimback, Casper, for appellant.

David A. Scott, Murane, Bostwick, McDaniel, Scott, Greenlee & Owens, Casper, signed the brief and appeared in oral argument for the appellees.

Before GUTHRIE, C. J., and McCLIN-TOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

By this appeal, plaintiff-appellant challenges the judgment of the district court for Natrona County, Wyoming, denying his claim for recovery of funds deducted, based on a workmen's compensation award, from the long-term disability benefits paid him by defendant-appellee, Aetna Life and Casualty Corporation, under contract with defendant-appellee, Standard Oil Company. He asserts (1) that the deductions made are in violation of § 4, Article X, Wyoming Constitution, as well as § 27–310, et seq., W.S.1957, 1975 Cum.Supp., and (2) that the workmen's compensation award is not for lost wages and, therefore, cannot be the basis for a deduction under this disability plan. We shall affirm.

On February 1, 1971, while performing his duties as an employee of American Oil Company (a wholly-owned subsidiary of Standard Oil Company of Indiana), plaintiff was injured at American's refinery located on the periphery of Casper, Wyoming. As

a result of his injury, plaintiff received disability payment from Standard Oil under a "short-term disability plan" until June, 1973, at which time he was qualified under a long-term disability plan, provided by the company as part of its memorandum of understanding with plaintiff's union and funded by Aetna Life Insurance Company. The maximum monthly benefit to which he was entitled under this long-term plan was $799.96.

On September 15, 1972, the district court awarded plaintiff a 20% permanent disability workmen's compensation award of $3,500.00, payable at the rate of $206.00 per month. Based on this workmen's compensation award and the provisions of the insurance contract between itself and defendant Standard Oil,[1] defendant Aetna deducted a sum equal to the monthly workmen's compensation award from the long-term disability payments it made to plaintiff. It is a deduction of these sums, totaling approximately $2,676.00, which was protested before the trial judge and is questioned here.

■ Plaintiff alleges that the reduction of payments under the long-term disability plan here involved, in an amount equal to the workmen's compensation award, in effect, results in an actual reduction of the workmen's compensation award itself. As such, it is claimed, both § 4, Article X, Wyoming Constitution, voiding agreements or contracts to limit damages recoverable for injury to an employee, and § 27–312(b),

W.S.1957, 1975 Cum.Supp., prohibiting contracts to relieve an employer from workmen's compensation liability, are violated. We cannot agree. Neither the constitution nor statute have any connection with pension plans and are irrelevant. The insurance disability contract here is quite obviously private and therefore independent and separate from the workmen's compensation benefits provided by the State. It is designed to supplement the benefits provided by the State, not exempt an employer from having to contribute to them. It affects none of the employee's constitutional and statutory rights to benefits and damages, but rather acts simply as a private, secondary benefit system to insure that the injured or disabled employee receives what the company and union have agreed is a desirable minimum level of disability income; in the situation herein, 60% of base earnings.

■ Thus, while the contractual attempt to reduce workmen's compensation benefits would be constitutionally and statutorily void under § 4, Article X, and § 27–312(b), the reduction of private benefits in proportion to other benefits received is not so prohibited. Although discussing specifically the reduction of private pension payments based on other public and private benefits received, the court in *Parsons v. Granite City Steel Co.*, 1963, 41 Ill.App.2d 396, 190 N.E.2d 644, quoting *Renshaw v. United States Pipe and Foundry Company*, 1959, 30 N.J. 458, 153 A.2d 673, expressed

---

1. The policy provides, at Article II, Section 2(a):

"The amount of monthly benefit payable under this policy for a given monthly period shall be 60% of the employee's monthly rate of basic earnings *if no other income benefits* are payable for the given monthly period. "If other income benefits are payable for a given monthly period, the amount of monthly benefit payable under this policy for the given monthly period shall be an amount equal to the excess, if any, of 60% of the employee's monthly rate of basic earnings over the amount of other income benefits payable for the given monthly period." (Emphasis added.)

Other income benefits are defined as, Article II, Section 2(b), Class II(2):

"Any payment for a disability which commenced on or after the effective date of the employee's insurance under this policy, under the *Federal Social Security Act or Railroad Retirement Act*, or any similar act of any national government, or by any federal, state, provincial, municipal or other governmental agency or *pursuant to any workmen's compensation law*, compulsory benefit act or law, occupational disease law, or any other legislation of similar purpose, or the maritime doctrine of maintenance, wages, and cure. For the purpose of this item (2), there shall not be included any benefits to which a dependent of the employee is entitled by reason of the employee's disability." (Emphasis added.)

the underlying rationale of permissible deduction this way:

"* * * What the plan actually amounted to and no more, was a commitment by the company to see that each retired employee received a fixed amount of money monthly, to compensate partially for wages lost through inability to continue employment by reason of age, and if such was not forthcoming in whole or in part from the specified sources, i. e., public pension, other pension contributed by the company, social security benefits, private or statutory severance pay and the like, workmen's compensation benefits from the company or any other employer or public disability pension, it would pay the computed amount or any deficiency. The scheme had no particular relation to compensation benefits. Its scope was much broader and the theory an infinitely deeper one.

"Moreover, it was no unilateral or gratuitous undertaking but an agreement collectively bargained for and reached between an employer and the exclusive agent of the employees as part of a basic labor contract. We assume, of course, the enforceable nature of the understanding. * * * In such a situation, the rights and obligations of the parties must be measured by the terms of the contract under the ordinary rules of contractual construction. * * *

"We see no public policy question involved, and so no violation thereof, in any such design of a private, contractual pension plan or the particular provision before us. Plaintiff's position would seem to be equally assertive against any decrease in the pension by the amount of social security payments or any of the other specified deductions. We find nothing to warrant concluding that workmen's compensation payments should be in any different or more insulated category.'" 41 Ill.App.2d at 401, 190 N.E.2d at 646.

We could say it no better. Such underlying reasons prevent duplication of benefits paid while leaving unaffected an employer's obligation under the workmen's compensation program. *Carlson v. Anaconda Company,* 1974, 165 Mont. 413, 529 P.2d 356. See as well *Dowell v. Aetna Life Insurance Company,* C.A. 4 1972, 468 F.2d 802, cert. den. 410 U.S. 931, 93 S.Ct. 1374, 35 L.Ed.2d 594; *Williams v. Insurance Company of North America,* 1967, 150 Mont. 292, 434 P.2d 395. In addition to disability and pension payments, reductions have been approved in hospital, medical, and even death benefits as well. *Hammond v. Prudential Insurance Company of America,* 1966, 75 Ill.App.2d 15, 220 N.E.2d 26; *Berken v. Beneficial Standard Life Insurance Company,* 1974, 300 Minn. 281, 221 N.W.2d 122. See generally, Annotation, "Insured's Receipt of or Right to Workmen's Compensation Benefits as Affecting Recovery Under Accident, Hospital, or Medical Expense Policy," 1971, 40 A.L.R.3d 1012. Such thinking applies equally as well to the situation herein. The reduction of plaintiff's long-term disability benefits is neither unconstitutional nor prohibited by statute.

■ By his second basis presented for reversal, plaintiff asserts that the workmen's compensation benefits awarded for his permanent, partial disability were not an award in lieu of wages and, therefore, should not be a benefit for reduction under the insurance policy in question. We, as likewise the trial judge, can find no basis within the terms of the insurance policy itself for this distinction. As defined by § 2, Article II, of the policy, other income benefits to be deducted include, "*Any payment* for a disability * * * pursuant to any workmen's compensation law." (Emphasis added.) In no provision does the policy, by the terms of which plaintiff, as third-party beneficiary, and Standard and Aetna, as policyholder and insurer, respectively, are bound, differentiate between payments made for loss of wages and those made for other purposes. Any and all payments made are attributable for deduction, including those received in the situation before us. We cannot rewrite a clear contract. *Overcast v. Baldwin,* Wyo.1976, 544 P.2d 464; Key No. 143(3), Contracts, West's Wyoming Digest.

Affirmed.