ADAMS, Justice.
Plaintiff appeals the trial court’s denial of his motion to set aside and vacate findings of fact and conclusions of law in this nonjury trial and his motion in the alternative for a new trial. Plaintiff had sought reinstatement of payments under a noncontributory company pension plan. These payments had been terminated by defendant on the ground that they were set off by plaintiff’s workmen’s compensation benefits. The trial court denied plaintiff relief.
Paul J. Spain was a lineman working for South Central Bell, when he injured his back on the job, permanently disabling himself. Since then, he has not worked at all except for a short period following the injury. Before the present action, Spain had filed suit to recover workmen’s compensation benefits against South Central Bell. In that case, the trial court found Spain to be entitled to 38 weeks of temporary total disability and 277 weeks of permanent partial disability that decreased his earning capacity by 65 per cent. The court further found Spain to be entitled to workmen’s compensation payments of $60.00 per week or $261.00 per month. Spain had averaged a weekly wage of $201.86 before the injury.
At the time of Spain’s injury, there was in effect a non-contributory pension and disability plan, under which South Central Bell began paying Spain benefits of $186.00 per month, which were subsequently raised to $240.00 per month. In reference to these disability payments, the trial court's judgment in the workmen’s compensation action said:
After hearing the additional testimony and argument relative to Ground 4, the Court is of the opinion that the pension and disability plan was not intended by the Company to be an advance payment of compensation due under the Workmen’s Compensation Law. Bell v. General American Transportation, 52 Ala.App. 123, 290 S.2d 184; March v. City of Huntsville, 45 Ala.App. 480, 232 S.2d 662; Beatrice Foods Co. v. Clemons, [54 Ala.App. 150] 306 S.2d 18; Southwestern Bell Telephone Co. v. Siegler, [240 Ark. 132] 398 S.W.2d 531 (1966).
It is, therefore,
CONSIDERED AND ADJUDGED that the defendant be allowed no credit *1005 for payments under the company pension and disability plan toward satisfaction of the compensation payments adjudged to be due in connection with the injury of July 16, 1973.
Upon the ruling of the trial court in the workmen’s compensation case, South Central Bell immediately paid the accrued compensation and medical expense to Spain; and then, during the next 65 weeks, it made monthly payments of the future installments at the converted monthly rate of $261.00. About a month after this judgment, South Central Bell suspended payments under its pension and disability plan for the duration of the 65-week period of unaccrued workmen’s compensation installments. The Employee’s Benefit Committee suspended the payments pursuant to Paragraph 27 of Section 8 of the pension plan, viz.:
In case any benefit or pension, which the Committee shall determine to be of the same general character as a payment provided by the Plan, shall be payable under any law now in force or hereafter enacted to any employee of the Company, to his beneficiaries or to his annuitant under such law, the excess only, if any, of the amount prescribed in the Plan above the amount of such payment prescribed by law shall be payable under the Plan .... [Emphasis added.]
The committee computed that the workmen’s compensation payments for the 65-week period exceeded what would have been due as disability pension under the plan by about $300.00. South Central Bell claims the committee had conclusive authority to determine payments from the pension plan under Section 3 of the plan, which reads in part: “It [the committee] shall determine conclusively for all parties all questions arising in the administration of the Plan.” We agree and affirm the trial court’s judgment.
Spain contends that the trial court judgment in the prior workmen’s compensation action is res judicata to the present action. Addressing this doctrine recently, this Court said:
It is a well settled principle of our law that matters once adjudicated are settled and determined. This principle is embodied in the doctrine of res judicata. The essential elements of res judicata are: (1) a prior judgment rendered by a court of competent jurisdiction; (2) substantial identity of the parties in the two suits; (3) identity of issues in the two suits, and (4) prior judgment rendered on the merits.
Ozley v. Guthrie, 372 So.2d 860, 861 (Ala.1979).
Noticeably missing from the instant case is the requirement of an identity of issues in the two suits. The issue in the prior workmen’s compensation suit was whether payments made by South Central Bell under its pension and disability plan should be credited against amounts due by defendant under the Workmen’s Compensation Act. The issue in the present suit is the converse of this, i. e., whether payments made by South Central Bell under the Workmen’s Compensation Act can be set off against what it owes under a private pension and disability plan. Additionally, the plan specifically provides for such a set off, and the appropriate committee declared the set off as provided by the plan. Finding no identity of the issues in the two suits, we find the doctrine of res judicata inapplicable.
By the same token, the cases cited by Spain in support of his demand for relief are inapposite. These cases address the issue of crediting an employer’s liability under the Workmen’s Compensation Act with payments made by the employer under a private pension and disability plan, once again the converse of the issue at hand. See, e. g., Beatrice Foods Company v. Clemons, 54 Ala.App. 150, 306 So.2d 18 (Civ.App.1975).
Nevertheless, the authorities are uniform in upholding the validity of a provision of a pension plan making the determination of a committee or trustees conclusive, subject to the qualification that the determination was not fraudulent, made in bad faith, or arbitrary and capricious. See, *1006 e. g., Marsh v. Greyhound Lines, Inc., 488 F.2d 278 (5th Cir. 1974); 60 Am.Jur.2d Pensions & Retirement Funds § 77 (1972). In the instant case, Spain produced no evidence of such conduct on the part of the Employee’s Benefit Committee.
Several cases have addressed this exact fact situation, upholding a committee’s decision to suspend disability payments pursuant to a pension plan’s offset clause. See Paterson v. Southwestern Bell Telephone Co., 411 F.Supp. 79 (E.D.Okla.1976); Parsons v. Granite City Steel Co., 41 Ill.App.2d 396, 190 N.E.2d 644 (1963); Renshaw v. United States Pipe and Foundry Co., 30 N.J. 458, 153 A.2d 673 (1959). Explaining the purpose of an offset provision in a pension plan identical to the instant one, the Paterson court said, “What it does do is prevent a claimant from recovering from the defendant twice for the same injury— under the law [Workmen’s Compensation Act] and under the Plan.” 411 F.Supp. at 86.
Having examined the record and having found the issues raised on appeal without merit, we hold the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.