EASTERN AVIATION AND MARINE
UNDERWRITERS, INC., Respondent,

v.

Nancy GILBERTSON, et al., Dr.
Richard Mulder, et al.,
Appellants.

Nos. C9–85–1523, C0–85–1619.

Court of Appeals of Minnesota.

Dec. 24, 1985.

Robert G. Haugen, Marshall, for respondent.

William M. Fishman, Bruce E. Goldstein, Minneapolis, for Nancy Gilbertson, et al.

Patrick J. Leary, Marshall, for Dr. Richard Mulder et al.

Heard, considered, and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Insurance company sought a declaratory judgment that it is not required to indemnify the insured for any liability arising out of an airplane accident. The insurer claimed also that it has no duty to defend insured against charges of negligence. The trial court granted insurer's motion for summary judgment on both claims. The injured plaintiffs and the owner and the pilot of the airplane appeal. We affirm.

## FACTS

Dr. Richard Mulder was the owner of an Aeronca Chief airplane that was insured by respondent. The insurance policy provided in part that the insurer would defend against any suit

seeking damages on account of * * * bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent * * *.

The insurance policy also provided that insurance coverage would extend to the named insured and *"any person while using the aircraft with the permission of the named insured."* (emphasis added.) The policy is prefaced with the following exclusionary language:

This policy applies when the aircraft is in flight only when being operated by the pilots designated below while holding F.A.A. Pilot Certificate(s), Rating(s), and total logged hours as described below, and only while such certificate(s) and rating(s) are in full force and effect.

\*   \*   \*   \*   \*   \*

Except that when the aircraft is operated by a pilot named above holding a "STUDENT" Pilot Certificate, none of the coverages apply unless such pilot is accompanied by, or has received prior flight approval and briefing from a pilot holding a current and effective F.A.A. Flight Instructor Certificate.

Clair Mulder is Dr. Richard Mulder's brother; he has had extensive use of Dr. Mulder's airplane for the past few years. Clair Mulder does not hold a pilot's license. At one time he held a student certificate, but the certificate expired some months before the accident at issue here. Clair Mulder was not a designated pilot on Richard's policy.

On July 30, 1983, Clair Mulder was piloting Richard Mulder's airplane. Marlin Gilbertson was a passenger in the plane. The airplane took off from the airport at Or-

ange City, Iowa. Shortly after takeoff, Mulder attempted a "touch and go" landing and takeoff in an oat field. The attempt was unsuccessful: the plane hit a fence and crashed into a ditch. As a result of the crash, Marlin Gilbertson suffered facial lacerations and a broken back.

Marlin and spouse Nancy Gilbertson brought suit against Richard and Clair Mulder. Richard Mulder tendered the case to his insurer. The insurer, however, claimed that Clair Mulder did not have the qualifications for flying the airplane required in the insurance policy. Thus, the insurer refused to defend the Mulders against the Gilbertsons' allegations. The insurer brought a declaratory judgment for the purpose of determining whether there was a duty to defend. The trial court granted the insurer's motion for a summary judgment, finding that the insurance policy did not cover the incident. The Mulders and the Gilbertsons appeal.

## ISSUES

1. Did the insurance contract contain an ambiguity making the insurer liable for insurance coverage through the principle of strict interpretation against drafters?

2. Does the insurer have the duty to defend the Mulders against the Gilbertsons' claims?

## ANALYSIS

### I

A. *Ambiguity of the contract*

■ The trial court found as a matter of law that the insurance coverage of Richard Mulder's airplane did not apply to the accident because Clair Mulder did not meet the pilot qualifications of the insurance policy. Thus, the trial court granted respondent's motion for a summary judgment. Appellants claim an ambiguity exists in the insurance contract and that the ambiguity should be construed in their favor. The insurance contract, at one point, states that the contract does not cover accidents in which the pilot did not meet certain qualifi-

cations. At another point, the policy states that the insurance covers the named insured "and any person" who operates the plane with the insured's consent. Clair Mulder claims he had his brother's consent, or that consent could be implied from the length of time and the circumstances under which he had access to the plane.

When reviewing a summary judgment, the reviewing court must decide whether there is any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). The trial court will grant a motion for summary judgment only where it is "perfectly clear that no issue of fact is involved." *Donnay v. Boulware,* 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966). The nonmoving parties have the benefit of that view of the evidence most favorable to them and are entitled to have all doubts and factual inferences resolved against the party making the motion. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

When a court is construing the terms of an insurance contract, any ambiguous provisions should be construed against the insurer who prepared the contract. *Berken v. Beneficial Standard Life Insurance Co.,* 300 Minn. 281, 285, 221 N.W.2d 122, 124 (1974). Language in an unambiguous insurance contract, however, must be given its ordinary and usual meaning. *Id.* at 283, 221 N.W.2d at 123–24. The Minnesota Supreme Court stated when construing an insurance contract that

the policy must be given a reasonable and practical construction not inconsistent with the clear language used therein to effect the intention of the parties. The purpose of construction of a contract is to do no more than to give effect to the plain meaning of the language.

*Greenlee v. Drees,* 274 Minn. 538, 544, 144 N.W.2d 774, 778 (1966).

Although the policy in this case states that the insurance covers the named insured and any person using the aircraft with the permission of the named insured, the policy specifically does not cover acci-

dents that occur while the plane is being piloted by a noncertified individual. Minnesota law permits such a condition to coverage. *See* Minn.Stat. § 60A.081, subd. 1(2) (insurance policy may condition coverage upon proper certification of pilot).

The language of the insurance contract is plain and straight-forward. Coverage does not exist for accidents that occur when noncertified pilots are flying the plane. If the pilot is not certified, the question of permission is immaterial. The language in the contract concerning permission does not supercede the requirement of proper certification: the consent language identifies who can be a covered pilot. It does not broaden the definition of who is a "pilot." We affirm the trial court's construction of the insurance policy.

Appellants argue that the trial court improperly granted summary judgment because the issue of whether Richard Mulder consented to the use of his airplane should have gone to the jury. The trial court analyzed this issue correctly. It found that consent, or the lack of it, to operate the plane would not affect insurance coverage where the operator was not certified. Public policy as well as the language of the insurance contract supports this result. We do not easily sanction the operation of aircraft by noncertified pilots simply because they claim permission of the owner where a specific policy provision addresses the importance of certification. The trial court found the language of the contract to be unambiguous. We agree.

B. *Pilot qualification*

■ Appellant argues that the language excluding from coverage accidents in which a noncertified pilot was flying the plane does not serve as a condition to coverage. *See Proprietors Insurance Co. v. Northwestern National Bank of Minneapolis,* 374 N.W.2d 772 (Minn.Ct.App.1985). In *Proprietors Insurance,* the insurer required the insured to list those individuals who would be flying the plane and who would thus be covered by the insurance contract. The required information includ-

ed the names of the individuals and the flying time each possessed. There was no requirement in the contract that each of the individuals possess a requisite number of flying hours. When completing the application for insurance, the insured misrepresented the number of flying hours that he possessed. Some time after the application was approved, the insured crashed the plane, killing himself and two passengers. His estate sought to recover under the insurance policy. The insurer brought a declaratory judgment action on the issue of coverage. The trial court granted the estate's motion for summary judgment.

In affirming, we found that the language of the contract did not create a condition precedent because nowhere did the contract require a certain number of flying hours. *Id.* at 776. Rather, we found that the statement of flying hours was merely a representation, required by the insured for the purpose of identifying the insured.. *Id.* A representation is

> an oral or written statement made by the insured prior to the completion of the contract that provides the insurance carrier with facts necessary to aid the carrier in determining whether to accept the risk and what premium to charge.

*Id.* at 775 (citing G. Couch, *Cyclopedia of Insurance Law* § 35:2, at 12 (M. Rhodes rev. 2d ed. 1985)).

*Proprietors Insurance* is distinguishable from this case. In this case, the contract listed as the insureds Richard Mulder and "any other *pilot.*" A pilot for purposes of this insurance contract is one holding the requisite certification. Clair Mulder was not listed as one of the insureds in this contract *and* lacked the certification required by the contract to qualify as another covered pilot. Thus, this case is outside the scope of insurance coverage.

II.

*Duty to defend*

■ Appellant admits that there is no duty to defend where, as a matter of law, there is no duty to indemnify. *See Woida*

*v. North Star Mutual Insurance Co.,* 306 N.W.2d 570, 574 (Minn.1981).

Appellant argues, however, that since Clair Mulder claims he had permission to fly and his brother does not agree, that there is a genuine issue as to a material fact and thus summary judgment is inappropriate. Appellants claim that the insurer's duty to defend Richard Mulder exists until the question of permission is resolved.

Since the trial court correctly determined that no coverage existed as a matter of law, the question of permission is moot and there is no reason for the insurer to represent Richard Mulder until that question is decided. Although the resolution of that dispute may affect responsibility for the accident as between Richard and Clair Mulder, it will not affect respondent's lack of obligation to cover the Gilbertson's damages.

### DECISION

The insurance contract contained no ambiguity to be construed in the insured's favor. Upon the facts of this case, the plain language of the contract precludes coverage. The insurer had no duty as a matter of law to indemnify the insured in this case. When that legal question was resolved in favor of the insurer, the insurer then had no duty to defend.

Affirmed.