# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-3471

_____

Noran Neurological Clinic, P.A.,     *
    *
       Appellant,     *
    *    Appeal from the United States
     v.     *    District Court for the
    *    District of Minnesota.
The Travelers Indemnity Company,     *
    *
       Appellee.     *

_____

Submitted: June 13, 2000
Filed: October 16, 2000

_____

Before HANSEN and HEANEY, Circuit Judges, and MILLS,[1] District Judge.

_____

HANSEN, Circuit Judge.

Noran Neurological Clinic, P.A., (Noran) brought suit against its property insurer, The Travelers Indemnity Company (Travelers), alleging breach of contract; a deceptive trade practice in violation of Minn. Stat. §§ 325D.09-.16 (1995); and bad

---

[1]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

faith denial of coverage. Noran now appeals the district court's[2] grant of summary judgment in favor of Travelers, except for the bad faith denial of coverage claim which is not at issue in this appeal. We affirm.

I.

Noran is a neurological medical clinic with its principal office located in south Minneapolis. Noran's radiology department is located on the lower level of the building and has large windows facing an open-to-the-sky, landscaped "atrium." From the outside, the windows are nearly even with the ground. The base of the atrium is approximately seven feet below street level. A drain, which is located in the southeast corner of the atrium, leads to a catch basin and storm drain. On July 1, 1997, Minneapolis received excessive rainfall occurring during a one-hour period. At some point during the storm, the atrium filled with water comprised of rain falling on the atrium and water flowing into the atrium from the nearby flooded street, causing at least one of the clinic's windows to break and water to rush into the radiology department. The water destroyed most of the office furniture, imaging equipment, and computers located in the department. Noran believed that debris collected in the atrium, blocked the atrium's drain, and culminated in the buildup of water breaking the window.

At the time of this incident, Noran owned a commercial property insurance policy written by Travelers that provided coverage for physical loss or damage to the clinic, subject to specified exclusions. Noran submitted a claim exceeding $1.6 million under its insurance policy with Travelers, which Travelers denied pursuant to the policy's surface water exclusion. This provision mandated that any loss caused either directly or indirectly by surface water was excluded from coverage. Noran subsequently filed suit, and the case was submitted on motions for summary judgment.

---

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Noran argued that Travelers improperly denied coverage and asserted that Travelers should have provided coverage consistent with the blocked drain exception found within a subsection of the water exclusion provision of the policy. The district court disagreed and held as a matter of law that the blocked drain exception was inapplicable to Noran's loss, which was caused by surface water. The district court also concluded that because Travelers' denial of coverage was justified by the policy language, Noran's statutory claim necessarily failed. Noran now appeals.

## II.

Summary judgment is appropriate when no genuine issue of material fact remains, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We review a grant of summary judgment de novo, applying the same standard as the district court. See Callas Enters., Inc. v. Travelers Indem. Co., 193 F.3d 952, 955 (8th Cir. 1999). We also review a district court's interpretation of the contractual provisions of an insurance policy de novo as a question of law. See Koch Eng'g Co. v. Gibralter Cas. Co., 78 F.3d 1291, 1294 (8th Cir. 1996). The parties agree that Minnesota law governs this diversity action.

When reviewing the construction of insurance policies, general contract principles govern. See Progressive Specialty Ins. Co. v. Widness, 613 N.W.2d 781, 783 (Minn. Ct. App. 2000). "In interpreting a policy exclusion, any ambiguity in the language of the policy must be construed in favor of the insured." Henning Nelson Constr. Co. v. Fireman's Fund Amn. Life Ins. Co., 383 N.W.2d 645, 652 (Minn. 1986). If, however, the contract is clear and unambiguous, then the language is given its plain and ordinary meaning. See Lobeck v. State Farm Mut. Auto Ins. Co., 582 N.W.2d 246, 249 (Minn. 1998); American Commerce Ins. Brokers, Inc. v. Minnesota Mut. Fire & Cas. Co., 551 N.W.2d 224, 227-28 (Minn. 1996). Moreover, when a provision within an insurance policy is subject to both a reasonable and unreasonable

3

interpretation, the reasonable construction controls, thereby eliminating any ambiguity. See Mutual Serv. Cas. Ins. Co. v. Wilson Township, 603 N.W.2d 151, 153 (Minn. Ct. App. 1999). In this case, we recognize our duty to "fastidiously guard against the invitation to create ambiguities where none exist." Columbia Heights Motors, Inc. v. Allstate Ins. Co., 275 N.W.2d 32, 36 (Minn. 1979) (internal quotations and citation omitted).

In relevant part the Travelers policy provides:

B. EXCLUSIONS
1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
. . . .
g. Water
(1) Flood, *surface water*, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
(2) Mudslide or mudflow;
(3) (a) Water or sewage that backs up or overflows from a sewer, drain or sump.
(b) Except for septic tank and cess pool systems this exclusion does not apply when the cause of water or sewage overflow occurs due to a blockage which originates on the described premises.

(Appellant's App. at A-81 - A-82 (emphasis added).) We cannot agree with Noran that it is reasonable to interpret the exception contained in provision 3(b) as pertaining to all of the prior provisions contained within section g. As the district court keenly observed, the "water or sewage overflow" language contained within the 3(b) blockage exception mirrors the language contained in 3(a), and only 3(a). Thus, the blocked drain exception only applies when "water or sewage . . . backs up or overflows from

4

a sewer, drain, or sump." (See Appellant's App. at A-82.) Further, we find the placement of the exclusion telling. Given the structure of the policy, it appears to us that provision 3(b) only modifies 3(a) and not section g in its entirety. In the final analysis, if Travelers had wanted to draft an exception to the surface water exclusion covering the peril at issue, it could have done so, but it did not. Noran merely attempts to inject ambiguity into the contract. As such, Noran's view proposes a strained reading of the contract language contrary to the contract's plain meaning and therefore must fail. Accordingly, we hold the policy is not ambiguous, and the blocked drain exception plainly does not apply to the surface water situation of this case.

Noran would have us consider the testimony of two Travelers' representatives in support of its interpretation of the policy. The court does not, however, consider extrinsic evidence when determining if a contract is ambiguous. See In re Hennepin County 1986 Recycling Bond Litig., 540 N.W.2d 494, 498 (Minn. 1995). "[A]n insurance policy is still a contract, and where its provisions are unambiguous the courts have no right to thrust upon the insurer a risk that it did not accept and for which it was not paid a premium." Simon v. Milwaukee Auto. Mut. Ins. Co., 115 N.W.2d 40, 49 (Minn. 1962); see also Berken v. Beneficial Standard Life Ins. Co., 221 N.W.2d 122, 124 (Minn. 1974) ("It is clear that the clause before us meets this standard in that it is unambiguous and unequivocally states the circumstances under which coverage will be denied. It is therefore unnecessary to resort to a determination of the subjective intent of the parties.").

Finally, we agree with the district court's conclusion that Noran's Minnesota statutory claim was premised upon the alleged wrongful denial of coverage. Because the policy language justified Travelers' denial of benefits, this premise was invalid and summary judgment as to this claim was proper.[3] Noran's new argument that Travelers

---

[3]There exists a dispute over whether Noran pleaded claims under the Uniform Deceptive Trade Practices Act, the Prevention of Consumer Fraud Act, or the Unlawful

never intended to grant coverage under the blockage exception is similarly ineffective because of our conclusion that the blocked drain exception simply does not apply to the situation at hand.

## III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

Trade Practices Act. This dispute is not material, however, because we conclude that the factual predicate underlying the claim stated in the complaint under any of these statutes is invalid because there was no wrongful denial of coverage.