# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 05-3099

───────────

Allianz Insurance Company of     *
Canada,     *
    *
        Appellee,     *
    *
      v.     *   Appeal from the United States
    *   District Court for the
Richard Sanftleben, also known as     *   District of Minnesota.
Ric Sanftleben; Carolyn Sanftleben,     *
as purported assignee of Richard     *
Sanftleben,     *
    *
        Appellants.     *

───────────

Submitted: March 15, 2006
Filed: July 21, 2006

───────────

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

───────────

BOWMAN, Circuit Judge.

In this diversity action, the District Court[1] granted summary judgment in favor of Allianz Insurance Company of Canada on Richard and Carolyn Sanftleben's claim for benefits under an automobile insurance policy issued by Allianz to Richard. The Sanftlebens appeal, and we affirm.

───────────────────────

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

On August 28, 1999, Richard was driving his wife Carolyn's 1994 Ford Explorer from Hopkins, Minnesota to Alberta, Canada. Carolyn was a passenger in the vehicle. While driving in Minnesota, Richard lost control of the Explorer, the vehicle rolled, and Carolyn was seriously injured. Carolyn had insured the Explorer with Farmers Insurance Group under a policy providing a liability limit of $50,000 per person, as well as uninsured and underinsured motorist (UIM) coverage (the Farmers policy). Farmers determined that Richard was an additional insured under the terms of Carolyn's policy and, because Farmers provided the primary liability coverage for the accident, paid Carolyn $50,000 pursuant to the Farmers policy.

At the time of the accident, Richard, then a Canadian citizen, owned a 1986 GMC truck on which he carried a policy of insurance from Allianz (the Allianz policy) with a limit of $1,000,000 in both liability and "SEF 44 benefits," essentially the Canadian equivalent of UIM coverage. On June 22, 2001, Carolyn filed a personal injury action against Richard in Hennepin County District Court. Allianz defended Richard subject to a complete reservation of rights. On May 6, 2003, the Sanftlebens settled the personal injury action by entering into a Miller-Shugart[2] settlement agreement in the amount of $650,000. On May 5, 2004, Allianz sought a declaratory judgment in federal district court that Carolyn was not entitled to liability or UIM benefits under the Allianz policy. Carolyn conceded that she was precluded from recovering liability benefits under the Allianz policy, but contended that she was entitled to UIM benefits under the Allianz policy.

The District Court granted summary judgment in favor of Allianz, concluding that the Allianz policy must be interpreted under the laws of Canada rather than

---

[2]In a Miller-Shugart settlement, the insurer denies all coverage, and the abandoned insured agrees with the claimant that judgment may be entered against him in return for the claimant's agreement to release the insured from personal liability. Miller v. Shugart, 316 N.W.2d 729 (Minn. 1982); see Peterson v. Wilson Twp., 672 N.W.2d 556, 557 n.1 (Minn. 2003).

Minnesota and that, so interpreted, the plain language of the Allianz policy barred Carolyn from recovering UIM benefits. This appeal followed.

Our standard of review is a familiar one: We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. See LeGrand v. Area Res. for Cmty. & Human Servs., 394 F.3d 1098, 1101 (8th Cir.), cert. denied, 126 S. Ct. 335 (2005). Summary judgment is proper if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We review de novo a district court's interpretation of the contractual provisions of an insurance policy. See Noran Neurological Clinic, P.A. v. Travelers Indem. Co., 229 F.3d 707, 709 (8th Cir. 2000) (applying Minnesota law).

The Sanftlebens first argue that the District Court erred in its choice-of-law analysis. According to the Sanftlebens, the law of Minnesota rather than the law of Canada should govern their claim for UIM benefits under the Allianz policy. In a diversity case, a district court sitting in Minnesota applies Minnesota's choice-of-law rules. See DCS Sanitation Mgmt., Inc. v. Castillo, 435 F.3d 892, 895 (8th Cir. 2006) (noting that in diversity cases federal courts apply the forum state's choice-of-law rules). Under Minnesota law, parties to an insurance contract may agree on the law that will govern the contract. See Milliken & Co. v. Eagle Packaging Co., 295 N.W.2d 377, 380 n.1 (Minn. 1980) (noting that Minnesota law enforces contract choice-of-law provisions). The construction and effect of a contract presents a question of law, unless an ambiguity exists. Brookfield Trade Ctrs., Inc. v. County of Ramsey, 584 N.W.2d 390, 394 (Minn. 1998). A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation, and we give contractual language its plain and ordinary meaning. Id.

The Allianz policy includes a choice-of-law section which provides, in relevant part:

In determining the amount an eligible claimant is legally entitled to recover from the inadequately insured motorist, issues of quantum shall be decided in accordance with the law of the province governing the policy and issues of liability shall be decided in accordance with the law of the place where the accident occurred.

Appendix of Appellant at 30 (SEF 44 5.b.). Here, the accident occurred in Minnesota, but the Allianz policy was written and issued in Canada. As the District Court noted, there is no question that Richard was liable for the single-vehicle accident in which Carolyn was injured, so there are no "issues of liability" to be determined under Minnesota law—the place where the accident occurred. Rather, the only issue to be resolved is the amount, if any, of UIM benefits Carolyn is entitled to recover under the Allianz policy. This is a question of quantum which, pursuant to the terms of the Allianz policy, is governed by Canadian law. See, e.g., Myers Estate v. Zurich Ins. Co., [1992] 118 N.S.R.2d 379, 388 (N.S. S.Ct. T.D.) (finding that where Florida underinsured motorist was found by Florida jury to be 80% liable for injury to Canadian insured, Canadian insurer was "bound by the Florida decision only in so far as it decided that the driver of the car was 80% liable and [the insured] was 20% liable"; issues of quantum were determined under Canadian law). Because Minnesota law respects choice-of-law provisions in insurance contracts and because a provision of the Allianz policy specifically and unambiguously identifies Canadian law as controlling on the issue of quantum, the District Court did not err in concluding that the plain language of the Allianz policy directs that Canadian law be applied to the determination of whether Carolyn is entitled to UIM benefits under the Allianz policy.

We turn next to the question of whether the District Court properly concluded that the plain language of the Allianz policy bars Carolyn's recovery of UIM benefits. The Allianz policy's SEF 44 benefits provision permits an eligible claimant to recover UIM benefits for injuries caused by an "inadequately insured motorist," which the policy defines as "the identified owner or identified driver of an automobile with respect to which the total motor vehicle liability insurance . . . of the owner and driver

is less than the [SEF 44 benefits limit]."  Appendix of Appellant at 29 (SEF 44 1.e.(i) (emphasis added)).  In other words, under the Allianz policy, an inadequately insured motorist exists—and UIM benefits are available—only if the total liability limit of the driver of the vehicle involved in the accident <u>and</u> that vehicle's owner is less than the SEF 44—or UIM—benefits limit provided under the Allianz policy.  Here, Carolyn (the owner of the vehicle) carried a $50,000 liability limit under the Farmers policy covering her Explorer, and Richard (the driver of the vehicle) carried a $1,000,000 liability limit under the Allianz policy covering his GMC truck.  The total liability limit under the policies for the owner and driver, therefore, was $1,050,000, while the SEF 44 benefits limit under the Allianz policy was $1,000,000.  Because the SEF 44 benefits limit under the Allianz policy is less than the total liability limit of the owner and the driver of the vehicle involved in the accident, there was no "inadequately insured motorist" as that term is defined under the Allianz policy.  Accordingly, Carolyn is not entitled to recover UIM benefits under the plain language of the Allianz policy's SEF 44 benefits provision.  The District Court did not err in reaching this conclusion.

This result does not contravene applicable Canadian law.  In <u>Gully v. Coseco Ins. Co.</u>, [1994] 155 A.R. 75 (Alta. C.A.), the Alberta Court of Appeal interpreted an identical SEF 44 benefits provision in circumstances similar to those involved in this case.  In <u>Gully</u>, the plaintiff was injured in a single-vehicle accident when an automobile owned and insured by his mother was negligently driven by a friend.  The plaintiff was excluded from liability coverage under his mother's policy, and there was no other liability coverage available.  The plaintiff sought UIM benefits under his mother's policy pursuant to that policy's SEF 44 benefits clause.  The insurer denied the claim.  The court upheld the denial, noting that the plain language of the SEF 44 benefits clause required a comparison of the total liability limit of the vehicle's driver and its owner ($1,000,000 under the mother's policy because the driver had no liability insurance) with the limit under the SEF 44 benefits provision ($1,000,000 under the mother's policy) to determine whether there was an "inadequately insured motorist"

as defined in the policy. Because the limits of the liability and SEF 44 benefits provisions were identical, the court held that there was no inadequately insured motorist as defined in the policy and thus no UIM coverage. Gully, 155 A.R. at 77 ("Nothing in the [SEF 44 benefits clause] supports the view that an adequately insured motorist becomes inadequately insured simply because a particular claimant is excluded from any recovery under the policy."); see also Despotopoulos v. Jackson, No. C8414, 67 A.C.W.S. (3d) (O.C.A. Nov. 29, 1996), available at 1996 A.C.W.S.J. Lexis 142445 (Ont. C.A.) (holding that because the plaintiff had the same limit in UIM coverage as the defendant tortfeasor had in liability coverage, the defendant was not inadequately insured and the plaintiff was not entitled to UIM benefits). The court in Gully found it irrelevant that the liability limits were not actually available to the plaintiff because of a provision excluding the plaintiff from liability coverage under his mother's policy. Here, Richard was not an inadequately insured motorist because the total liability limit ($1,050,000) of Richard's and Carolyn's policies exceeded the SEF 44 benefits limit of the Allianz policy ($1,000,000), even though Richard's $1,000,000 in liability coverage was not available to Carolyn due to an exclusion. The District Court did not err in concluding that the plain language of the Allianz policy barred Carolyn's claim for UIM benefits and that this result was consistent with Canadian law.

Although not necessary for the disposition of this appeal, we note that the District Court did not err in concluding that even if Minnesota law applied as argued by the Sanftlebens, Carolyn's claim for UIM benefits under the Allianz policy would fail. Minnesota statutes provide:

> If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person

may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured.

Minn. Stat. § 65B.49, subd. 3a(5) (2002) (emphasis added). An "insured" for purposes of this statute includes, inter alia, the individual named in the policy insuring the vehicle. Id. § 65B.43, subd. 5; see also Becker v. State Farm Mut. Auto. Ins. Co., 611 N.W.2d 7, 13 (Minn. 2000) ("[T]he correct interpretation of 'insured' . . . is limited to those persons specifically listed in [§ 65B.43, subd. 5]; that is, the named insured, or spouse, minor, or resident relative of the named insured, in the policy of the occupied vehicle."). Carolyn was the named insured on the Farmers policy that she purchased for the Explorer. Consequently, under Minnesota law, Carolyn is an "insured" as defined by section 65B.43, subdivision 5. As such, she is limited to recovering under the Farmers policy insuring the Explorer, and she is prohibited by statute from recovering under the Allianz policy. This result is consistent with the Minnesota Supreme Court's pronouncement that the goal of the Minnesota UIM regime is to give "motor vehicle owners the ability to select and purchase the amount of [UIM] coverage they desire in excess of the mandatory minimums, and then access that coverage in the event they are injured while occupying a vehicle owned by someone who has purchased only the minimum [UIM] coverage." Becker, 611 N.W.2d at 13. Carolyn selected the level of coverage available under her Farmers policy should she or another driver of the Explorer negligently operate the vehicle and cause her injury. Had she desired additional protection from those risks, she could have elected to purchase additional coverage through higher liability limits.

For the foregoing reasons, we affirm the District Court's grant of summary judgment in favor of Allianz.[3]

_____

[3]Because we agree with the District Court that the plain language of the Allianz policy precludes Carolyn's recovery of UIM benefits, we decline to address the other arguments raised in Allianz's brief.